399 So.2d 206 (1981)
STATE of Louisiana
v.
William Claude WIGGINS.
No. 80-KA-2495.
Supreme Court of Louisiana.
May 18, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Walter Lee Perkins, Jr., Asst. Dist. Attys., for plaintiff-appellee.
James D. Sparks, Jr., Monroe, for defendant-appellant.
JONES, Justice Ad Hoc[*].
Defendant, represented by counsel, pleaded not guilty to the felony charge of operating a motor vehicle, third offense, in violation of La. R.S. 14:98(D). After denial of a motion to quash, defendant withdrew his former plea of not guilty and entered a conditional guilty plea, reserving his right to appeal to this Court the ruling of the trial court on the motion to quash.[1] The defendant was sentenced to be imprisoned without hard labor for three years. Execution of the jail sentence was suspended and the defendant placed on supervised probation for five years, subject to the special conditions that he pay a fine of $500 and serve one year in the Ouachita Parish jail.
On appeal the defendant argues that the trial judge erred in denying the motion to quash his prosecution as a third offender because a prior uncounseled DWI conviction was invalid.
In charging the defendant as a third offender the State relied upon prior convictions dated September 8, 1976 and March 15, 1977. It is the invalidity of the second conviction that the defendant asserts.
The defendant made three separate court appearances in connection with the 1977 DWI charge. On March 10 he was informed of the charge and asked if he could *207 afford an attorney. His response was that he desired to enter a guilty plea.[2] On March 14 the defendant informed the court that he did not have an attorney and simply wanted to plead guilty.[3] Finally, on March 15, after the trial court recommended that defendant secure counsel, he again stated that he desired to plead guilty.[4]
In this state the accused in a criminal prosecution is entitled to representation by counsel of his choice. State v. Harper, 381 So.2d 468 (La.1980). If the offense charged is punishable by imprisonment, an indigent accused has a right to court appointed counsel. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); La.C.Cr.P. Art. 513.[5]
In City of Monroe v. Fincher, 305 So.2d 108 (La.1974) this Court applied the Argersinger rationale to hold that an uncounseled guilty plea to a prior DWI offense, absent a knowing and intelligent waiver of counsel, could not be used to enhance punishment upon conviction of a subsequent DWI offense, even though the accused was not imprisoned as a consequence of the prior uncounseled conviction. Accord, Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980).
In Barker v. Wingo, 407 U.S. 514, 525-626, 92 S.Ct. 2182, 2189-2190, 33 L.Ed.2d 101 (1972), the Supreme Court stated:
"[waiver is] `an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464 [58 S.Ct. 1019, 1023, 82 L.Ed.2d 1461] (1938). Courts should `indulge every reasonable presumption against waiver,' Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 [57 S.Ct. 809, 811, 81 L.Ed. 1177] (1937), and they should `not presume acquiescence in the loss of fundamental rights,' Ohio Bell Tel. Co. v. Public Utilities Comm'n, 301 U.S. 292, 307 [57 S.Ct. 724, 731, 81 L.Ed. 1093] (1937). In Carnley v. Cochran, 369 U.S. 506 [82 S.Ct. 884, 8 L.Ed.2d 70] (1962), we held:
`Presuming waiver from a silent record is impermissible. The record must show, *208 or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandably rejected the offer. Anything less is not waiver.' Id., at 516 [92 S.Ct. at 2185].
"The Court has ruled similarly with respect to waiver of other rights designed to protect the accused. See, e. g., Miranda v. Arizona, 384 U.S. 436, 475-476 [86 S.Ct. 1602, 1628, 16 L.Ed.2d 694] (1966); Boykin v. Alabama, 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] (1969)."
Since the defendant in this case was not represented by counsel in connection with his guilty plea to the 1977 DWI charge, the question to be resolved on this appeal is whether the record shows that he was informed by the trial judge of his right to counsel and, if counsel was waived, whether that waiver was made knowingly and intelligently. State v. Vezina, 391 So.2d 450 (La.1980); State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La.1980).
Defendant indicated, at his first court appearance on the 1977 DWI charge, that he could afford an attorney. However, he did not in fact secure counsel and was not advised at his two subsequent court appearances that, in the event of indigency, he was entitled to court appointed counsel. Furthermore, the record does not show that the defendant made a knowing and intelligent waiver of his right to counsel. This cannot be presumed simply from the expressed desire to plead guilty.
It is recognized that, in dealing with issues of this nature, there is a temptation to place undue emphasis upon the legal efficacy of certain "magic" words in an effort to discern whether there has been a waiver of a constitutional right. On the other hand, language is obviously the most commonplace medium employed to express meaning, particularly in the courts. If the words used, as reflected by the record, were not precise enough to inform the accused of the availability of a valued right and to assure that he clearly relinquished that right, there has been a failure of communication issuing in a defective waiver. Because this occurred in the case at bar, we conclude that the defendant did not make a knowing and intelligent waiver of his right to counsel on the 1977 DWI charge.
For these reasons, the motion to quash the bill of information insofar as it charges the defendant as a third offender is sustained, and the conviction and sentence are reversed and set aside. The case is remanded to the trial court for further proceedings consistent with this opinion.
NOTES
[*] Judges O. E. Price of the Court of Appeal. Second Circuit, G. William Swift, Jr., of the Court of Appeal, Third Circuit, and Fred W. Jones, Jr., of the Court of Appeal, Second Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., James L. Dennis, and Jack C. Watson.
[1] This procedure of entering a conditional guilty plea was sanctioned in State v. Crosby, 338 So.2d 584 (La. 1976).
[2] The record reflects the following colloquy on March 10:

"Mr. Harrison: William C. Wiggins, he was booked on
The Court: Do you have an attorney, Mr. Wiggins?
Mr. Wiggins: No, Sir.
Mr. Harrison: Booked on the 5th for DWI third offense and the bond is set at $2,500.00 and this is his first appearance.
The Court: Can you afford an attorney?
Mr. Wiggins: Yes, Sir but I would just like to plead guilty.
The Court: Well, DWI third offense is a penitentiary offense, Mr. Wiggins....."
[3] The record reflects the following colloquy on March 14:

"Mr. Harrison: William Wiggins. William Wiggins is booked on a charge of DWI third offense. This is his first appearance in Court on this.
The Court: Mr. Wiggins, do you have an attorney?
Mr. Wiggins: No Sir. I just wanted to plead guilty.
The Court: Well, now third offense DWI is a penitentiary offense
The Court: Well, a third conviction for DWI, the defendant shall be imprisoned at hard labor. That means the penitentiary for not less than 1 year and no more than 5 years...."
[4] The record reflects the following colloquy on March 15:

"Mr. Harrison: William C. Wiggins, Your Honor, we find that Mr. Wigginsthis is about Mr. Wiggins third trip in court and we've finally got the information and he's charged with DWI 2nd offense.
The Court: It started off as a third didn't it?
Mr. Harrison: ......
The Court: They're charging you with a 2nd offense instead of a 3rd offense, you're still in need of an attorney if you want one.
Mr. Wiggins: I still would like to plead guilty.
The Court: You realize this is a mandatory jail sentence.
Mr. Wiggins: Yes Sir, ...."
[5] Art. 513

In the case of an offense punishable by imprisonment, when the defendant appears for arraignment without counsel, the court shall inform him before he pleads to the indictment of his right to have counsel appointed to defend him if he is indigent. When a defendant states under oath that he desires counsel but is indigent, and the court finds the statement of indigency to be true, the court shall provide for counsel in accordance with the provisions of R.S. 15:145 to the defendant before he pleads to the indictment.