588 So.2d 702 (1991)
STATE of Louisiana
v.
Wallace S. PUGH.
No. 90-KO-2670.
Supreme Court of Louisiana.
November 1, 1991.
PER CURIAM.
Granted. The record does not support the objection made by the assistant district attorney immediately before the defendant entered his "no contest" plea to DWI, second offense, on October 19, 1982, in St. Charles Parish, that the defendant had forced five continuances of the case and thereby implicitly waived his right to counsel. Cf. City of Baton Rouge v. Dees, 363 So.2d 530 (La.1978). It appears that the withdrawal of defendant's counsel from the case accounted for the major part of the delay. In pressing for a prompt resolution of the case, the trial judge accepted defendant's uncounseled plea without any recorded inquiry into his capacity to make a knowing and voluntary waiver of his right to counsel or understanding of the consequences flowing from a conviction for second offense DWI. Under these circumstances, the record does not support a finding of either an implicit or explicit waiver of the Sixth Amendment right to counsel. See State v. Strain, 585 So.2d 540 (La. 1991). The state therefore could not use the uncounseled plea in subsequent multiple offender DWI prosecutions. State v. Wiggins, 399 So.2d 206 (La.1981); State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La.1980); City of Monroe v. Fincher, 305 So.2d 108 (La.1974). Accordingly, defendant's conviction and sentence for fourth offense DWI are vacated. Judgment of third offense DWI is entered, and this case is remanded to the district court for resentencing.
MARCUS and COLE, JJ., dissent.
LEMMON, J., recused.