PER CURIAM.
Granted. The warrantless seizure for forfeiture under non-exigent circumstances of the applicant’s land, residence, and business was unreasonable as a matter of La.R.S. 40:2606(B), and may have violated the due process clause of the Fourteenth Amendment in the absence of notice and an opportunity to be heard. See United States v. Premises and Real Property at 4492 South Livonia Road, 889 F.2d 1258 (2nd Cir.1989), rehrg. denied, 897 F.2d 659 (2nd Cir.1990). The land, residence, and business are there fore released to the applicant pending a hearing on the merits of the state’s forfeiture petition. The vehicles, the currency, the certificates of deposit, and the food stamps were properly seized without a warrant, if probable cause for forfeiture existed, to avoid the loss, concealment or destruction of the movable property pending the filing of, and hearing on, the state’s forfeiture petition. Without deciding whether good cause has existed for the protracted delay of the forfeiture hearing in this case, we note that the legislature has not expressly provided for the immunization of property from forfeiture for the violation of any provision in La.R.S. 40:2601, et seq. All of relator’s property remains subject to seizure and forfeiture, La.R.S. 40:2611(B), and we remand this case to the district court for an expedited hearing on the merits of the state’s forfeiture petition.