614 So.2d 808 (1993)
STATE of Louisiana, Appellee,
v.
Roderick H. GABLE, Appellant.
No. 24,554-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Carey J. Ellis, III, Rayville, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, William R. Coenen, Dist. Atty., Penny Wise-Douciere, Asst. Dist. Atty., Rayville, for appellee.
Before NORRIS, STEWART and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, Roderick Gable, was charged by bill of information with the crime of operating a vehicle while intoxicated, fourth offense, in violation of LSA-R.S. 14:98. On August 19, 1991, he pled guilty to an amended bill of information which charged him with operating a vehicle while intoxicated, third offense. Subsequently, he was allowed to withdraw his guilty plea. He then filed a motion to quash the bill of information contending that he had not made a knowing and intelligent waiver of his right to counsel in two of the predicate convictions. The trial court denied the motion to quash. Defendant entered a plea of guilty to DWI-third offense, reserving his right to appeal the trial court's denial of his motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to serve three years at hard labor. The defendant appeals his conviction and *809 sentence urging three assignments of error. Finding merit in his motion to quash, we reverse on that issue, vacate Gable's sentence and remand to the trial court for resentencing for operating a motor vehicle while intoxicated, second offense.
The instant offense occurred in Richland Parish on May 20, 1990. The record reflects the state listed three predicate convictions in the bill of information to support the DWI, fourth offense charge.[1] The three prior convictions were obtained in Lincoln Parish on June 24, 1986, August 12, 1986 and September 26, 1986.
Defendant contends the two uncounseled guilty pleas entered on June 24, 1986 and on August 12, 1986 were constitutionally defective and could not be sued for enhancement purposes because he pled guilty to those charges without a knowing and intelligent waiver of his right to counsel.
A defendant is entitled to be informed of his right to a court appointed attorney if indigent before a plea is made at the arraignment if he faces the possibility of imprisonment. LSA-C.Cr.P. Art. 513. A defendant is entitled to waive counsel, but before such a waiver can be accepted, the district judge must establish on the record that the plea is made voluntarily by determining the defendant's literacy, competency, understanding and volition to enter an uncounseled guilty plea. State v. Brew, 593 So.2d 447 (La.App.2d Cir.1992).
Absent a knowing and intelligent waiver, no person may be imprisoned for any offense unless he was represented by counsel at trial. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); State v. Strain, 585 So.2d 540 (La. 1991); State v. Skeetoe, 501 So.2d 931 (La. App.2d Cir.1987).
An uncounseled DWI conviction may not be used for enhancement of punishment on a subsequent offense, absent a knowing and intelligent waiver of counsel. State v. Wiggins, 399 So.2d 206 (La.1981); State v. Franklin, 337 So.2d 1152 (La. 1976); State v. Skeetoe, supra.
The transcript of the Gable proceeding on June 24, 1986 reflects the trial judge established the defendant's age and his ability to read and write. He also elicited a statement from the defendant that he was charged with "DWI, first offense." He advised the defendant of his right to a court appointed attorney on two occasions during this colloquy.[2]
*810 A review of the transcript of the guilty plea proceeding reflects the trial judge failed to adequately determine defendant's literacy, competency, understanding and volition to enter an uncounseled guilty plea. There is no showing that Gable was previously convicted of a crime or was familiar with legal proceedings. The record does not reflect the defendant made a knowing and intelligent waiver of counsel prior to his June 24, 1986 guilty plea.[3]
The defendant entered a plea of guilty to operating a motor vehicle while intoxicated, first offense, for a second time on August 12, 1986.[4] This uncounseled guilty plea for an unrelated arrest, was entered approximately three weeks later before the same judge who had accepted the first guilty plea.
This exchange is not as comprehensive as the June 1986 waiver which we have already declared constitutionally infirm. The trial judge does not make the limited inquiry into the defendant's ability to read or write or defendant's knowledge of the charge as he did in the first waiver. There is no information contained in the transcript of this particular colloquy to indicate that the defendant knowingly and intelligently waived his right to counsel. This exchange is insufficient to sustain a valid waiver.
The state argues in brief that the trial judge conducted the same type of inquiry in the present misdemeanor case as the trial judge did in the Strain decision. It further argues that the trial court's examination *811 in the Strain case is characterized as a "comprehensive" examination rather than as an examination which establishes the "minimum" requirements for a waiver of the right to counsel.
We disagree. In Strain, the Supreme Court only listed factors which may be considered by the trial court in making a determination of whether a valid waiver exists. The trial judge who accepted the predicate offense guilty plea elicited more information from the defendant than his age and his ability to read and write. Moreover, the court in the Strain decision established that the question of whether the defendant understood his constitutional right to counsel must be based on a review of the entire record. Whether there was a valid waiver of counsel will depend on the facts and circumstances of each case. There are no "magic words" which must be used. An insufficient examination in a felony case may not necessarily be considered an insufficient examination in a misdemeanor case.
Defendant does not contest the September 26, 1986 guilty plea. Although it was also used as a predicate conviction, defendant was assisted by counsel when this plea was entered.
In reference to the June, 1986 and August, 1986 guilty pleas in the present case, the record does not support a finding of a valid waiver of the Sixth Amendment right to counsel. The state therefore could not use the uncounseled pleas in subsequent multiple offender D.W.I. prosecutions. State v. Pugh, 588 So.2d 702 (La.1991); State v. Wiggins, 399 So.2d 206 (La.1981). The defendant's motion to quash the bill of information should have been granted insofar as it charged him with operating a motor vehicle while intoxicated, third offense.
Accordingly, we must reverse the defendant's conviction for operating a motor vehicle while intoxicated, third offense and enter a judgment reducing the conviction to operating a motor vehicle while intoxicated, second offense. Since we have reversed the conviction, we need not address defendant's contentions that his sentence is excessive and that the trial court erred by failing to comply with the sentencing guidelines in LSA-C.Cr.P. Art. 894.1.
For the reasons set forth herein, the defendant's conviction for operating a motor vehicle while intoxicated, third offense, is reversed, and judgment is entered reducing the conviction to operating a motor vehicle while intoxicated, second offense. The case is remanded to the trial court to resentence the defendant for operating a motor vehicle while intoxicated, second offense.
REVERSED and REMANDED.
NOTES
[1] Although the state amended the charge to DWI, third offense, neither of the three prior offenses was stricken from the bill of information. The transcripts of all three guilty pleas were filed into the record of this case. Defendant does not contest the validity of the September 26, 1986 plea.
[2] The portion of the June 24, 1986 colloquy pertinent to a disposition of this issue reads as follows:

[BY THE COURT]
Q. Mr. Gable, you are charged with DWI. You are entitled to an attorney on this charge. Do you have one.
A. No, sir.
Q. Do you desire the assistance of an attorney?
A. No, sir.
Q. Do you understand that if you want one and could not afford one, I would appoint one to represent you at no cost.
A. Yes, sir.
Q. How do you desire to plead?
A. Guilty....
Q. What is you (sic) full and correct name?
A. Roderick H. Gable.
Q. And what's your date of birth, please, sir?
A. February the 16th, 1939.
Q. Do you read and write?
A. Yes, sir.
Q. Do you know what you are charged with?
A. Yes, sir.
Q. What?
A. DWI, first offense.
Q. All right. Do you understand that you are charged that on January 19, 1986 in Lincoln Parish, Louisiana you operated a motor vehicle while under the influence of alcholic beverages.
A. Yes, sir.
Q. Do you understand the penalty provisions to a one hundred twenty-five to five hundred dollar fine, ten days in jail to six months. If any part of that is suspended, certain conditions of probation are imposed, that is, either two days in jail or four days of community service, a driver improvement and substance abuse program.
A. Yes, sir.
Q. Do you understand your plea of guilty is a conviction and would lead to more severe penalties as a second offender if you violate this statute again that is, a three hundred to five hundred dollar fine and thirty days in jail to six months.
A. Yes, sir.
Q. And do you understand that you have the constitutional right to a court-appointed attorney to represent you at no cost?
A. Yes, sir.
Q. And do you wish to give up that right?
A. Yes, sir.
(R. pp. 25-27).
[3] In Strain, supra, the Louisiana Supreme Court stated:

The critical issue on review of the waiver is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge.
When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge."
585 So.2d at 543.
[4] The record reflects the following colloquy on August 12, 1986:

THE COURT: Mr. Gable, you're entitled to an attorney on this charge, do you desire the assistance of an attorney?
THE DEFENDANT: No sir.
THE COURT: Do you understand that if you wanted one and could not afford one, I would appoint one to represent you at no cost?
THE DEFENDANT: Yes sir.
THE COURT: All right, how do you desire to plead?
THE DEFENDANT: I'll plead Guilty....
Q. What is your full name?
A. Roderick H. Gable.
Q. What does the "H" stand for?
A. Harry.
Q. And your date of birth?
A. February 16, 1939.
Q. Do you understand that you're charged that on February 21, 1986 in Lincoln Parish, you operated a motor vehicle while under the influence of alcoholic beverages which is prohibited?
A. Yes sir.
Q. You understand the penalties to be on a first offense of $125.00 to $500.00 fine, ten days in jail to six months. If any part of that is suspended, conditions of probation are two days in jail or four days community service, a driver improvement and substance abuse program?
A. Yes sir.
Q. And you understand your plea of Guilty is a conviction and leads to more severe penalties as a second offender if you violate this statute again, that is, ad (sic) $300.00 to $500.00 fine and thirty days in jail to six months?
A. Yes sir.
Q. And do you desire to give up your constitutional right to a court-appointed attorney to represent you at no cost?
A. Yes sir.
....
THE COURT: Was there a breath test?
Mr. Hearn: Yes sir. I'd offer the breath test, the results of which were .13.
THE COURT: Let the offering be received.
BY THE COURT:
Q. Is it still your desire to plead Guilty without the assistance of court-appointed counsel?
A. Yes sir.
THE COURT: The Court then will accept this plea of Guilty.
(R. pp. 30-32).