682 So.2d 1251 (1996)
STATE of Louisiana
v.
John Anthony DEROCHE.
No. 96-K-1376.
Supreme Court of Louisiana.
November 8, 1996.
*1252 PER CURIAM.
Writ granted in part; denied in part. The accused's signature on a printed waiver form advising him of his right to counsel and warning him of the danger of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the duty of the trial judge to advise the defendant expressly of his right to counsel and to determine "on the record that the waiver is made knowingly and intelligently under the circumstances," taking into account such factors as the defendant's age, background, and education. State v. Strain, 585 So.2d 540, 543 (La.1991); State v. Morris, 619 So.2d 184, 186 (La.App. 3rd Cir.1993); State v. Gable, 614 So.2d 808, 810 (La.App. 2nd Cir.1993); State v. Rivers, 614 So.2d 254, 257 (La.App. 3rd Cir.1993).
The minutes for relator's November 19, 1990 guilty plea indicate that the trial judge canvassed relator with regard to some of the trial rights he was waiving, but fail to show that the court also inquired into relator's capacity to waive his right to the assistance of counsel in making the decision whether to go to trial, "[t]he principal function of a lawyer for an accused who desires to plead guilty...." Strain, 585 So.2d at 543. The contemporaneous records of relator's guilty plea therefore do not affirmatively establish a valid waiver of counsel and the guilty plea may not serve as the predicate for enhancement of a subsequent DWI offense. State v. Pugh, 588 So.2d 702 (La.1991); State v. Wiggins, 399 So.2d 206 (La.1981); State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La. 1980).
Accordingly, relator's conviction and sentence for third offense DWI are vacated, judgment of guilty of second offense DWI is entered, and this case is remanded to the district court for resentencing. In all other respects, the writ application is denied.
VACATED IN PART, ENTERED IN PART, AND REMANDED FOR RESENTENCING.
BLEICH, J., not on panel.