707 So.2d 1262 (1997)
STATE of Louisiana
v.
William Michael SNIDER.
STATE of Louisiana
v.
Robert Howard BOYCE.
Nos. 30568-KW, 30569-KW.
Court of Appeal of Louisiana, Second Circuit.
October 21, 1997.
Rehearing Denied November 4, 1997.
Writ Denied February 13, 1998.
*1263 Richard Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., Robert Randall Smith, Asst. Dist. Atty., for Appellee.
James Reuben Phillips, Bossier City, for Appellants.
Before MARVIN, C.J., and CARAWAY and PEATROSS, JJ.

WRIT GRANTED; WRIT DENIED
These consolidated pretrial applications for supervisory writs arise from pending prosecutions of felony DWI in the district court which resulted in conflicting rulings on identical issues involving the use of predicate guilty pleas to lesser grade DWI by the defendants in Bossier City Court. For the following reasons we grant the state's writ application in the case of State v. Snider, and deny Defendant Boyce's writ application in the case of State v. Boyce.

Facts
In each of these felony DWI cases, which both have as predicate offenses a similar prior conviction arising from Bossier City Court, the defense filed motions to quash challenging the validity of guilty pleas taken without counsel.
Defendant William Snider was charged on May 20, 1997 with DWI-third offense in violation of LSA-R.S. 14:98. The two prior offenses listed in the bill of information are a March 25, 1991 charge in Bossier City Court and a May 10, 1991 charge in the Twenty-Sixth Judicial District Court. Defendant Snider filed a motion to quash the bill of information alleging that the March 25, 1991 predicate offense was the result of an uncounseled guilty plea. Defendant Snider specifically argued the March 25, 1991 predicate offense was illegally obtained because he waived his right to counsel by simply signing under a statement to that effect on a preprinted form and because he was not questioned as to whether he understood his waiver of counsel when the trial judge informed him of this right.
The trial judge in the present Snider prosecution issued a written opinion and order granting Defendant Snider's motion to quash. The trial judge found that the minutes from the March 25, 1991 predicate offense do not show that the trial judge inquired into Defendant Snider's capacity to waive his right to assistance of counsel, but, rather, show he was only reminded he had such a right. The trial court in the present prosecution concluded that Defendant Snider's DWI conviction of March 25, 1991 was entered into without a valid waiver of counsel and could not be used to enhance the penalty for the May 20, 1997 offense.
Defendant Robert Boyce was charged with DWI-third offense in violation of LSA-R.S. 14:98. The two prior offenses listed in the bill of information are a July 11, 1994 conviction in Bossier City Court and an August 19, 1996 conviction in Bossier City Court.
*1264 Defendant Boyce filed a motion to quash the bill of information alleging that prior guilty pleas utilized to enhance the penalty of the present charge were uncounseled and, thus, unconstitutional and invalid. At the hearing on the motion to quash, the state informed the trial court of the recent decision in Defendant Snider's case. The trial judge concluded that if the trial judge in the prior guilty pleas "hit the three main Boykin rights," then the prior pleas were valid.
The state appeals the granting of the motion to quash in State v. Snider, and Defendant Boyce appeals the denial of the motion to quash in State v. Boyce. The issue in both cases is whether the completion by a defendant of a Bossier City Court "Educational, Literacy, Competency Profile" and the trial court's certification that it considered the information provided along with the court's observation of the defendant satisfy the "on the record" inquiry requirements of State v. Skeetoe, 501 So.2d 931 (La.App. 2d Cir.1987) and State v. Deroche, 96-1376 (La. 11/8/96), 682 So.2d 1251.

Discussion
In State v. Skeetoe, supra., this court held that an uncounseled DWI conviction
... may not be used to enhance a subsequent offense, absent a knowing and intelligent waiver of counsel.... Before the trial court can accept a defendant's waiver of counsel, the record must indicate the court attempted to determine defendant's literacy, competency, understanding and volition. 501 So.2d at 936, emphasis added.
After Skeetoe was rendered the Bossier City Court began using preprinted forms for the defendant to fill out and for the trial court to review.
In State v. Deroche, 96-1376 (La. 11/8/96), 682 So.2d 1251, the Supreme Court of Louisiana held that an
... accused's signature on a printed waiver form advising him of his right to counsel and advising him of the danger of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the duty of the trial judge... to determine `on the record that the waiver is made knowingly and intelligently under the circumstances,' taking into account such factors as the defendant's age, background and education.
In the present cases, the Defendants contend the jurisprudence requires that the inquiry by the trial court into a defendant's background must be made in an oral colloquy and that "on the record" can be only a colloquy. The state contends that "on the record" means everything which appears in the record including the trial court's observation of the defendant. Our analysis of the jurisprudence indicates that "on the record" means "in" the entire record.
As noted above, this court's opinion in Skeetoe held that the record must indicate the court attempted to determine defendant's literacy, competency, understanding and volition. As precedent, this court cited State v. Strain, 585 So.2d 540 (La.1991). There, the issue was the use of an uncounseled plea to DWI-second offense as a predicate for DWI-third offense. Defendant contended the record did not show a knowing and intelligent waiver of counsel.
In Strain, the Court stated that:
... while the judge need not inquire into each and every factor ... to establish a valid waiver of the right to counsel at trial, there must be a sufficient inquiry preferably by an interchange with the accused which elicits more than `yes' and `no' responses to establish on the record a knowing and intelligent waiver under the overall circumstances. 585 So.2d at 542 (emphasis added).
The Court stated that whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. "The critical issue on review of the waiver is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge." 585 So.2d at 543.
The Court then held that:
... when an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise *1265 him of his right to counsel ... The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge.
As to the latter remark, the Court noted that "determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial" and that "the crime of driving while intoxicated is a non-complex crime, even among misdemeanors, and is almost self-explanatory." 585 So.2d at 544.
Strain was followed in State v. Marcoux, 96-0453 (La.App. 1st Cir. 3/27/97), 691 So.2d 775, writ denied 97-1079 (La. 6/13/97), 695 So.2d 984. There, the transcript showed the trial court had the defendant fill out a guilty plea-rights waiver form. The court explained the maximum sentence for misdemeanor DWI and advised that subsequent penalties could be enhanced and that DWI-third offense was a felony. The court advised defendant of his right to be represented and asked if he wished to waive counsel. The defendant replied, "Uhyes, sir, I believe so." The court then advised defendant of his right to trial, to confrontation, to appeal, and of his privilege against self-crimination. The court also asked if defendant understood the waiver form. He responded affirmatively. Next, the court asked defendant his educational background, whether he could read and write and whether he understood "the nature of this procedure." Defendant replied, "Yes."
The appellate court held that:
while we strongly encourage and find it clearly preferable for a trial court to inquire into factors bearing on the validity of the waiver of the right to counsel before eliciting a waiver of the right to counsel, the validity of the waiver of the right must be determined on the basis of the entire record and not just factors that may have been brought out by the trial court prior to the court's acceptance of the waiver. 691 So.2d at 779.
The appellate court in Marcoux ruled that although it would have been preferable for the trial court to obtain information from defendant concerning his educational ability prior to accepting the waiver of counsel, that information was in fact "on the record" and that it was to be considered with other pertinent factors present in the record in determining whether defendant understood the waiver. The other factors considered included the rights-waiver form. Based on the entire record, the First Circuit concluded:
... the trial court adequately determined that relator's waiver of the right to counsel... was made knowingly and intelligently, and that this determination was not flawed by the court's failure to advise relator of the pitfalls of self-representation. As a result, we find that the motion to quash and/or suppress was correctly denied. 691 So.2d at 779-780.
We do not accept the defense contention that the case of State v. Deroche, 96-1376 (La. 11/8/96), 682 So.2d 1251, condemned the use of preprinted forms per se. The holding is not so broad. Rather, the Supreme Court of Louisiana ruled that the accused's signature on a printed waiver form and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences did not discharge the duty of the trial judge to determine "on the record that the waiver [of counsel] is made knowingly and intelligently under the circumstances...."
In addition, the Deroche case is distinguishable from the situation presented in the present cases. In Deroche, the printed form did not require anything of the defendant other than to check several blocks and affix his signature; the form made no inquiry of defendant's background. See 674 So.2d at 297. In the present case, the printed form, as discussed below, required the Defendants to read a number of questions and write their responses. Further, in Deroche, the minutes do not show that the defendant was informed of his right to counsel or if the trial judge entered into a colloquy with the defendant to ascertain if the defendant knowingly and intelligently understood his rights and the effect of a waiver of these rights. See *1266 State v. Deroche, 95-0376 (La.App. 1st Cir. 4/10/96), 674 So.2d 291. In the present cases, as discussed more fully below, the actual transcripts of the colloquy between the trial judge and Defendants are included in the record, and these show that Defendants were informed of their right to counsel.
Thus, while the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters which appear in the record viewed as a whole may establish that the waiver was valid.
Applying these principles to the instant cases it can be seen that the records in both support the validity of the challenged guilty pleas to the predicate offenses.

State v. Snider
In the Snider matter, the printed form shows that the Bossier City Court had the defendant demonstrate his ability to read and write by requiring him to write the answers to several questions on the pre-printed form. These questions asked him his name, address, date of birth, age, occupation, whether he could read and write, whether he had completed the tests to receive his drivers' license, what he considered his most important constitutional right, and the names of his grammar school and high school. The form also contains a section explaining the penalty for DWI-first offense and DWI-second offense, a section signed by Defendant waiving his right to representation and a section signed by defendant waiving his constitutional rights and explaining his plea of guilty. Additionally, the form demonstrated Snider's ability to read and write by requiring him to fill in the name of the offense to which he was pleading guilty. Finally, the form bears the signature of the Bossier City Court judge following a certification that the judge observed the manner, demeanor and deportment of the accused and found the accused sufficiently intelligent, literate and competent to understand his rights, the nature of the offense, the consequences of the plea and that the accused freely and voluntarily waived his rights.
The transcript of the challenged guilty plea colloquy shows Defendant's affirmative responses to questions asking whether he understood the nature of the charge, his entitlement to counsel, his Boykin rights, that future sentences for DWI could be enhanced by the current conviction, and his waiver of those rights. Clearly, through the information provided on the printed form and from the court's direct observation of Snider, the court was aware of his literacy, competency, understanding and volition as required by Skeetoe, Deroche and Marcoux. The form used here was much more extensive in the information it required from the accused than was the form found lacking in Deroche. Under the totality of the circumstances, the procedures followed by the Bossier City Court do not require a judgment invalidating the use of the prior conviction as a predicate in the instant prosecution.
Accordingly, the state's application for a supervisory writ is granted and made peremptory. The order of the district court in State v. Snider rendered on August 22, 1997 quashing the use of the defendant's March 1991 conviction of DWI-first offense as a predicate offense is reversed. The matter is remanded for further proceedings.

State v. Boyce
Defendant Boyce challenges both his July 1994 conviction for DWI-first offense and his August 1996 guilty plea conviction for DWI-second offense. As to the first, the record shows the Bossier City Court used the same form as was used in the Snider case. The transcript of the guilty plea colloquy shows the trial court obtained Boyce's affirmative responses to inquiries about his understanding of the nature of the charge, his right to counsel, his Boykin rights, that future convictions could result in enhanced penalties, and that he was entering his guilty plea voluntarily.
As to the second guilty plea, the record shows the use of the same printed form. The guilty plea transcript includes Boyce's affirmative responses to the court's inquiries about his understanding of the nature of the charge, his entitlement to representation, his Boykin rights, that sentences for future convictions may be enhanced, and that he entered his guilty plea voluntarily.
Again, the printed forms signed by Boyce show he was sufficiently intelligent, literate *1267 and competent to understand his rights, the nature of the offense, the consequences of the plea and that he freely and voluntarily waived his rights. Defendant Boyce's application for a supervisory writ is denied. The order of the district court in State v. Boyce rendered on August 11, 1997 permitting the use of the defendant's July 1994 and August 1996 convictions of DWI-first offense and DWI-second offense, respectively, is affirmed. The matter is remanded for further proceedings.

Conclusion
For the foregoing reasons, the application for a supervisory writ in the matter of State v. Snider is granted and made peremptory and the application for supervisory writ in the matter of State v. Boyce is denied.
WRIT GRANTED; WRIT DENIED.