712 So.2d 671 (1998)
STATE of Louisiana
v.
Charles A. LODRIGUE, Jr.
No. 97 KA 1718.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
*672 Bernard E. Boudreaux, Jr., Walter J. Senette, Jr., Office of District Attorney, Franklin, for State of Louisiana.
Robert P. Fuhrer, Morgan City, for Defendant-Appellant Charles Lodrigue, Jr.
Before GONZALES, PARRO and GUIDRY, JJ.
PARRO, Judge.
The defendant, Charles A. Lodrigue, Jr., was charged by bill of information with driving while intoxicated ("DWI"), fourth offense, a violation of LSA-R.S. 14:98. The defendant filed a motion to quash, which was denied by Judge Gerard B. Wattigny. The defendant subsequently pled guilty, reserving his right to appeal the denial of the motion to quash pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Judge Paul J. deMahy accepted the defendant's Crosby plea and sentenced him to ten years at hard labor, suspended execution of all but two years of the sentence, and stated that he would recommend home incarceration. The defendant was placed on supervised probation for five years (which included the two years of recommended home incarceration) with a number of special conditions. He has appealed, urging as his sole assignment of error that Judge Wattigny erred in denying his motion to quash the instant bill of information.

FACTS
Because the defendant pled guilty, the facts of the instant offense were not fully developed. The Boykin hearing reveals that on October 5, 1995, the defendant was driving his vehicle in St. Mary Parish. He was stopped by a police officer for speeding and having a burned-out taillight. The defendant failed a field sobriety test. He also was given an intoxilizer test which showed a .17 percent blood alcohol content. The defendant had three prior DWI convictions within the preceding ten year period.

ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant contends that Judge Wattigny erred in denying his motion to quash the bill of information. In his brief to this court, the defendant argues that the first two predicate convictions relied upon by the State were defective because the judges who accepted those guilty pleas failed to determine whether or not the defendant knowingly and intelligently waived his right to counsel at each plea.
The bill of information filed against the defendant charged him with the instant offense of DWI, fourth offense. The three predicate offenses relied upon by the State were a June 5, 1986 guilty plea to first offense DWI committed in St. Mary Parish on November 15, 1985 (predicate # 1), a May 3, 1988 guilty plea to first offense DWI committed in St. Mary Parish on January 26, 1988 (predicate # 2), and an August 6, 1990 guilty plea to first offense DWI committed in St. Mary Parish on April 21, 1990 (predicate # 3). The defendant filed a motion to quash the bill of information alleging that the predicate offenses could not be used because he pled guilty without a knowing and intelligent waiver of counsel. Judge Wattigny held a *673 hearing on the motion. In regard to predicate # 1, the State relied on exhibit S-1, which included in pertinent part, copies of the traffic citations, arrest report, bill of information, a plea of guilty on a misdemeanor waiver-of-rights form, an extract of minutes from June 5, 1986, and a transcript of the June 5 guilty plea. In regard to predicate # 2, the State relied on exhibit S-2, which included in pertinent part, copies of the traffic citations, arrest report, bill of information, a plea of guilty on a misdemeanor waiver-of-rights form, and an extract of minutes from May 3, 1988.[1] At the conclusion of the hearing, Judge Wattigny denied the motion.
An uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. Determining the defendant's understanding of the waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. State v. Marcoux, 96-0453, pp. 2-3 (La.App. 1st Cir. 3/27/97), 691 So.2d 775, 777, writ denied, 97-1079 (La.6/13/97), 695 So.2d 984. Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. State v. Strain, 585 So.2d 540, 542 (La.1991).
The defendant's signature on a printed waiver form advising him of his right to counsel and warning him of the dangers of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the duty of the trial judge to advise the defendant expressly of his right to counsel and to determine "on the record that the waiver is made knowingly and intelligently under the circumstances," taking into account such factors as the defendant's age, background, and education. State v. Deroche, 96-1376, p. 1 (La.11/8/96), 682 So.2d 1251, 1252.
In State v. Snider, 30,568 (La.App. 2nd Cir. 10/21/97), 707 So.2d 1262, writ denied, 97-3025 (La.2/13/98), 709 So.2d 748, in an attempt to delineate the scope of the brief per curiam opinion in Deroche, the Second Circuit analyzed the jurisprudence, particularly the Louisiana Supreme Court's opinion in Strain and this court's opinion in Marcoux. The Second Circuit rejected Snider's contention that Deroche condemned the use of preprinted forms per se, finding that the holding of Deroche was not so broad. After analyzing the jurisprudence, the Second Circuit found that the phrase "on the record" in Deroche meant "in" the entire record and concluded:
Thus, while the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters which appear in the record viewed as a whole may establish that the waiver was valid.
State v. Snider, 707 So.2d at 1266.
In the instant case, the extract of the minute entry introduced in connection with predicate # 1 states that (during what appears to have been an en masse Boykin hearing) Judge Robert M. Fleming informed the defendant of his right to counsel, either *674 retained or appointed if he was unable to afford to hire his own counsel, his right to trial, right against self-incrimination, right to confront his accusers, and right to compulsory process. Thereafter, the defendant stated that he understood his rights and wished to waive all rights. The "PLEA OF GUILTY TO MISDEMEANOR RIGHTS FORM" was signed by the prosecutor, the defendant, and Judge Fleming and includes the following language:
I further understand:
1. My right to be represented by counsel (a lawyer) of my choice, or if I cannot afford counsel, my right to be represented by Court-appointed counsel at no cost to me.
* * * * * *
All of the above listed rights have been carefully explained to me by the judge in Court and I understand fully what I am doing by pleading guilty to this offense. I further state that I have read the above prio[r] to signing the same and understand my rights.
Although I understand my right to counsel, including Court-appointe[d] counsel if appropriate, I do not wish to be represented by counsel of any kind.
Only a partial transcript of the defendant's guilty plea was introduced herein, which contains the following colloquy:
BY [THE PROSECUTOR]:
Charlie Lodrigue.
BY THE DEFENDANT:
Yes, sir.
BY [THE PROSECUTOR]:
Your Honor, this is Charles Lodrigue. He called the District Attorney's Office and said he wanted to change his original plea of "not guilty" to "guilty" of D.W.I., and the State will dismiss the remaining charges.
BY [JUDGE FLEMING]:
May I see the file, please?
(Clerk complies.)
BY [JUDGE FLEMING]:
Q. Do you have a lawyer, Mr. Lodrigue?
A. No, sir.
Q. When you were here before they told you that you had a right to have a lawyer and you had a right to waive the lawyer.
A. Yes, sir.
Q. You want to waive the lawyer and [plead] guilty?
A. Yes, sir.
Q. Was there an accident?
A. No, sir.
Q. First offense?
A. Yes, sir.
Judge Fleming then sentenced the defendant.
Regarding predicate # 1, Judge Wattigny observed that the record included information regarding the defendant's age, occupation, and employer. Judge Wattigny stated that the defendant signed a waiver-of-rights form which advised him of his right to counsel and noted that the extract of the minutes contained the defendant's waiver of his right to counsel and Boykin rights. In the partial transcript of the defendant's guilty plea, Judge Fleming informed the defendant of his right to counsel and the defendant waived that right. Therefore, Judge Wattigny determined that in predicate # 1, the defendant, who at age 25 or 26 was not a youthful offender (the defendant, in fact, was age 29 at that time), and who was employed as an anchor foreman at Laser Construction Company, had knowingly and intelligently waived his right to counsel.
While there was no inquiry on the record at the time of the plea as to the defendant's age, education, experience, or background, this information was in the record. The partial transcript introduced herein indicates that Judge Fleming requested the defendant's file from the court clerk. In light of the above jurisprudence we find that, after considering everything which appears in the entire record, and noting Judge Fleming's opportunity to observe the defendant's appearance, demeanor, and responses in court, the evidence relied upon by the State to prove predicate # 1 was sufficient to establish a valid waiver of counsel.
The extract of the minute entry introduced in connection with predicate # 2 states that the defendant informed Judge Richard T. *675 Haik that he wished to withdraw his previous not guilty plea and plead guilty as charged to first offense D.W.I. On motion of the prosecutor, the remaining traffic-related charges were nol-prossed. Judge Haik informed the defendant of his right to counsel, either retained or appointed if he was unable to afford to hire his own counsel, his right to trial, right against self-incrimination, right to confront his accusers, and right to compulsory process. Thereafter, the defendant stated that he understood his rights and wished to waive all rights. The "PLEA OF GUILTY TO MISDEMEANOR RIGHTS FORM" was signed by the prosecutor, the defendant, and Judge Haik and included the same language as the form in predicate # 1. A transcript of the guilty plea for predicate # 2 was not introduced. Apparently, the court reporter could locate neither a transcript nor a tape of this proceeding.
In regard to predicate # 2, Judge Wattigny again noted the record included information regarding the defendant's age, occupation, and employer. Judge Wattigny further noted the waiver-of-rights form signed by the defendant which waived his right to counsel and the extract of the minutes wherein Judge Haik informed the defendant of his Boykin rights and his right to counsel and the defendant indicated that he understood his rights and wished to waive them. Judge Wattigny concluded that because the minute entry indicated Judge Haik engaged in a direct colloquy with the defendant and the defendant signed a waiver-of-rights form, there was nothing presented to indicate that the defendant did not fully understand the significance of the waiver of counsel or of the plea. There was no suggestion that if the defendant had been given any additional warning or information he would have decided not to waive counsel, nor was the defendant prejudiced from the lack of any particular or general warning. Therefore, Judge Wattigny determined that in predicate # 2, the defendant, who was now age 31 and a superintendent at Laser Construction Company, had knowingly and intelligently waived his right to counsel. Judge Wattigny further observed that at the time of the second guilty plea, the defendant had knowledge regarding the waiver of counsel from his previous experience with a DWI guilty plea.
While again there was no inquiry on the record as to the defendant's age, education, experience, or background, this information was in the record. In light of the above jurisprudence we find that, after considering everything which appears in the entire record, and noting Judge Haik's opportunity to observe the defendant's appearance, demeanor, and responses in court, the evidence relied upon by the State to prove predicate # 2 was sufficient to establish a valid waiver of counsel.
Accordingly, we find that Judge Wattigny correctly denied the defendant's motion to quash predicate convictions # 1 and # 2. Therefore, this assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.
GUIDRY, J., respectfully dissents.
NOTES
[1] The defendant does not contest predicate # 3.