| iGUIDRY, Judge,
dissenting
The critical issue on review of the waiver of the right to counsel is whethfer the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. Strain, 585 So.2d at 543; Marcoux, 96-0453 at p. 3, 691 So.2d at 777. In order to establish a valid waiver of the right to counsel at trial, there must be a sufficient inquiry (preferably by an interchange with the accused that elicits more than “yes” and “no” responses) to establish on the record a knowing and intelligent waiver under the overall circumstances. Strain, 585 So.2d at 542.
The duty of the trial judge to advise the defendant expressly of his right to counsel and to determine “on the record that the waiver is made knowingly and- intelligently” is not discharged by the accused’s signature on a printed waiver form advising him of his right to counsel and warning him of the danger of self-representation, nor the signature of the trial judge on the same- form indicating he is satisfied the accused understood the nature of his plea and its consequences. State v. Deroache, 96-1376, p. 1 (La. 11/8/96), 682 So.2d 1251, 1252. Whether *1230 an accused has knowingly and ^intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. Strain, 585 So.2d at 542.
In the present case, the state introduced Sv-2 into evidence at the hearing on defendant’s motion-to quash to establish the first predicate offense. S-2 included a certified copy of an Explanation of Rights form which delineated a defendant’s rights, including the right to counsel. This form was signed by defendant following the recitation of rights. The back of the form included the following provisions:
WAIVER OF RIGHTS TO ATTORNEY
I choose to waive my rights to an attorney and to represent myself herein.
DEFENDANT
WAIVER OF RIGHTS AND PLEA OF
GUILTY OR NOLO CONTENDRE
I choose to waive my rights and plead GUILTY/NOLO CONTENDRE to the charges against me. I acknowledge I have not been coerced or forced to plead; that I have received no promises of a light or no sentence, I am pleading guilty because I am, in fact, guilty.
DATE DEFENDANT
Based upon the defendant’s responses to my questions and my observation of the defendant in the courtroom, I believe the defendant understand his/her rights and the consequences of his/her plea. I further find that the defendant freely, knowingly, voluntarily and intelligently waives his rights and, in particular, his right to an attorney.
JUDE THADDEUS FANGUY, JUDGE
ATTORNEY
|3The section captioned WAIVER OF RIGHTS AND PLEA OF GUILTY OR NOLO CONTENDRE was signed by defendant and dated July 3, 1991, the date of his nolo contendré plea. However, the section captioned WAIVER OF RIGHTS TO ATTORNEY was not signed by defendant. The final section on the page was signed by William G. Yates, Judge Ad hoc, that same date.
S-2 also included a pre-printed, legal-size form captioned “ARRAIGNMENT”, which contained blank spaces to be filled in and numerous boxes.[1] Several, boxes were checked on this form indicating that defendant appeared on July 3, 1991, without counsel, that his rights were read to him from a prepared rights form, and that he waived those rights. The form did not specifically delineate any of the rights included in this recitation. Another box was checked next to pre-printed language indicating that the trial judge stated that, based upon his observation of the defendant and his responses to the judge’s questions, the judge found the defendant understood his rights and knowingly and intelligently waived those rights, in particular his right to an attorney. However, there was a box on the form to specifically indicate that the defendant waived his right to counsel, which was not checked on the form presented by the state. On a blank space at the bottom of the form, the following notation was written in by hand: “Defendant advises that he spoke to his attorney who advised him to plead nolo contendré.... ”
At the motion hearing, Monica Fanguy LeBlanc, a city court deputy clerk, testified that she completed the ARRAIGNMENT form introduced in |4this case, which the state referred to as a minute form. She indicated she completed the form as the events referred to therein occurred in court. William Yates, the judge ad hoe who accepted defendant’s plea on July 3, 1991, also testified at the motion hearing. He testified *1231 he normally informed defendants of their right to counsel, but admitted it was possible he unintentionally failed to so 'advise defendant, since he had no independént recollection of defendant’s plea. Neither he nor Ms. LeBlanc were able to offer any explanation for the fact that defendant did not sign the waiver of counsel provision on the Explanation of Rights form. They both indicated that it was normal procedure for a defendant who waived his right to counsel'to sign this provision. In fact, Judge Ad Hoc Yates testified that he normally had defendants sign this provision in court in his presence.
The documents relied upon by the state fail to show either that the trial court specifically advised defendant of his right to counsel or inquired into defendant’s capacity to waive his right to the assistance of counsel. See Strain, 585 So.2d at 543. Additionally, •defendant’s signature on the pre-printed waiver of rights form did not discharge the trial court’s duty to determine on the record that defendant knowingly and intelligently waived his right to counsel. See Deroache, 96-1376 at p. 1, 682 So.2d at 1252. Considering the above, the evidence relied upon by the state to prove the predicate conviction of July 3, 1991, does not affirmatively establish a valid waiver of counsel and this plea may not serve as the predicate for enhancement of a subsequent DWÍ offense. The trial court erred in denying defendant’s motion to quash. Accordingly, defendant’s guilty'plea and sentence for the instant offense should be vacated.

. At the hearing on defendant’s motion to quash, the state referred to this form as a "minute form." However, we note that such pre-printed, pre-fabricated, check off the box forms are not true minutes. See State v. Delanoix, 637 So.2d 515, 516 n. 1 (La.App. 1st Cir.1993); State v. Longo, 560 So.2d 530, 533 (La.App. 1st Cir. 1990).