JzFitzsimmons, j.
The defendant, Meguel J. Deshotel, was charged by bill of information with driving while intoxicated (DWI), third offense, a violation of La.R.S. 14:98. The defendant filed a motion to quash, which was denied by the trial court. Subsequently, the defendant pled guilty, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Pursuant to a plea agreement, the defendant was sentenced to one year at hard labor. He has appealed, urging two assignments of error.
FACTS
Because the defendant pled guilty, the facts of the offense were not fully developed. According to the bill of information, on February 1, 1997, the defendant operated a motor vehicle on Hollywood Road at its intersection with La. Highway 3040 in Terrebonne Parish while under the influence of alcoholic beverages. The defendant had two prior DWI convictions.
ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant contends that the trial court erred in allowing the introduction of his second predicate DWI conviction (bill of information # 96-143976, St. Mary Parish). The defendant argues that the conviction had been obtained without the defendant being properly advised of his right to appointed counsel, if indigent, and counsel on appeal, if necessary. In his brief to this court, the defendant argues that during the Boykin hearing on his predicate conviction # 2, the court informed him that he had the right to have a lawyer represent him. The defendant contends, however, that the court failed to give any additional explanation regarding his right to an attorney. Specifically, the defendant points out the court failed to inform him of his right to court appointed counsel, if he was determined to be indigent. He further argues that the court failed to explain that his right to counsel attached at trial, and the possible appeal. The defendant does not contest predicate conviction # 1, to which he pled guilty on March 25,1994.
*996 According to the Boykin transcript of the defendant’s August 13, 1996, guilty plea to driving while intoxicated (predicate # 2), the court stated during the mass[1] Boykin hearing:
Each of you is charged with DWI first offense and of course each of you have the right to plead not guilty and to have a lawyer represent you, and you have a right to a trial before a Judge, and at that trial the State of Louisiana would have to prove each and every element of the charges against you beyond a reasonable doubt.... You have a right to confront your accusers, look them in the eye and you or your lawyer cross-examine them to test the sufficiency of the State’s case Is-... When you plead guilty, naturally, there is no trial and you’re waiving and giving up all of those rights. Do each of you understand?
The defendants responded, ‘Yes, sir.” The court then asked the defendants if they all had an opportunity to read the form that they had been given. They all responded that they had. The court then asked if they had any questions. They responded that they did not. The court then indicated that this conviction could be used to enhance a later conviction. After reviewing their file, the court then questioned each individual defendant, in order to determine his understanding of the proceeding. The court then specifically asked the defendant his date of birth, if he could read and write, and if he was under the influence of any drugs or alcohol which would impair his ability to understand. The defendant stated that his date of birth was May 22, 1968. The defendant further indicated that he could read and write, and was not under the influence of drugs, alcohol, or anything that would impair his ability to understand. The court then asked the defendant if he read over the rights waiver form and understood all of his rights. The defendant responded, ‘Yes, sir.” The defendant then indicated that he wished to plead guilty. Later, when talking to the defendant individually regarding the facts of his case, the court informed the defendant that his conviction could be used to enhance any subsequent conviction. The defendant indicated that he understood and the court concluded that the defendant entered his guilty plea freely and voluntarily and with a complete and full understanding of his constitutional rights and waiver of those rights.
The waiver of rights form signed by the defendant for predicate # 2 included the following language:

PLEASE READ CAREFULLY

PLEASE READ THIS ENTIRE FORM CAREFULLY PRIOR TO SIGNING. THIS FORM WILL BE ENTERED INTO THE COURT RECORD IN THIS MATTER AND SHALL BE USED IN FUTURE HEARINGS OF ANY TYPE IF NECESSARY.

* * * * * *
I further understand:
1. My right to be represented by counsel (a lawyer) of my choice, or if I cannot afford counsel, my right to be represented by court appointed counsel.
******
All of the above listed rights have been carefully explained to me by the judge in Court and I fully understand what I am doing by pleading guilty to this offense. I further state that I have read the above previous to signing the same, I understand my rights and wish to waive them.
^Although I understand my right to counsel, including court appointed counsel if appropriate, I do not wish to be represented by counsel of any kind. (DELETE IF NOT APPLICABLE)
The form was signed by the defendant, the district attorney, and Judge John E. Conery. The form was dated August 13,1996.
An uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court *997 should expressly advise him of his right to counsel, and to appointed counsel, if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently, under the circumstances. Factors bearing on the validity of this determination include: the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. State v. Marcoux, 96-0453, pp. 2-3 (La.App. 1st Cir.3/27/97); 691 So.2d 775, 777, writ denied, 97-1079 (La.6/13/97); 695 So.2d 984. “While the judge need not inquire into each and every factor [set forth above], in order to establish a valid waiver of the right to counsel at trial, there must be sufficient inquiry (preferably by an interchange with the accused that elicits more than ‘yes’ and ‘no’ responses) to establish on the record a knowing and intelligent waiver under the overall circumstances.” State v. Strain, 585 So.2d 540, 542 (La.1991). The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. Marcoux, 96-0453 at p. 3, 691 So.2d 775.
Generally, the court is not required to advise a defendant, who is pleading guilty to a misdemeanor, of the dangers and disadvantages of self-representation. Marcoux, 96-0453 at p. 3; 691 So.2d at 777. Misdemeanors do not carry the same consequences or the same societal taboo as felonies. Un-counseled defendants, through lack of knowledge, sometimes plead guilty, even though an error by the arresting officer or in the testing equipment would have rendered the charge invalid. However, when the misdemeanor is, in the vast majority of cases, automatically used to enhance a subsequent violation to the felony level, the advice should reflect this danger, that is, an error in self-representation on the first DWI can have severe consequences in subsequent arrests. At a minimum, the defendant must be advised of the enhancement possibility. Ideally, the defendant charged with misdemeanor DWI should receive the same advice on the dangers of self-representation, as if he were charged with a felony DWI.
IfiThe defendant’s signature on a printed waiver form advising him of his right to counsel and warning him of the dangers of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the duty of the trial judge. The trial judge must expressly advise the defendant of his right to counsel, and determine “on the record that the waiver is made knowingly and intelligently under the circumstances.” State v. Strain, 585 So.2d at 543; State v. Deroche, 96-1376, p. 1 (La.11/8/96); 682 So.2d 1251, 1252. Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. State v. Strain, 585 So.2d at 542.
In State v. Snider, 30,568 & 30,569 (La.App. 2nd Cir.10/21/97); 707 So.2d 1262, writ denied, 97-3025 (La.2/13/98); 709 So.2d 748, in an attempt to delineate the scope of the brief per curiam opinion in Deroche, the Second Circuit analyzed the jurisprudence, particularly the Supreme Court’s opinion in Strain, and this court’s opinion in Marcoux. The Second Circuit rejected Snider’s contention that Deroche condemned the use of pre-printed forms per se and found that the holding of Deroche was not so broad. After analyzing the jurisprudence, the Second Circuit used the phrase “on the record” in De-roche interchangeably with “in” the record. The Snider court concluded:
Thus, while the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters which appear in the record viewed as á whole may establish that the waiver was valid.
State v. Snider, 30,568 & 30,569, at p. 7; 707 So.2d at 1266.
In the instant case, the transcript introduced in connection with predicate # 2 states that the defendant was informed of his right to an attorney. The rights waiver form informed the defendant of his right to an attorney and his right to have an attorney appointed if he was indigent. The defendant *998 was informed of the enhancement possibility. Thus, we find that the transcript and the rights waiver form, when taken together, are sufficient to establish a predicate offense for a charge of third offense DWI. Cf. State v. Lodrigue, 97-1718 (La.App. 1st Cir.5/15/98); 712 So.2d 671. Although the defendant also complains that the court failed to inform him during his plea on predicate # 2 that he had the right to counsel on appeal, neither Boy-kin nor La.Code Crim.P. art. 513 requires the court to inform the defendant of his right to counsel on appeal.
^Considering the above, we conclude that the trial court sufficiently determined that the defendant’s waiver of his right to counsel at his 1996 guilty plea to the predicate offense was made knowingly and intelligently. Additionally, we note that for his instant guilty plea on February 2, 1998, and the instant appeal, the defendant was represented by retained counsel. The trial court correctly denied the defendant’s motion to quash. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, the defendant asks this court to inspect the pleadings and proceedings pursuant to La. Code Crim.P. art. 920 for any and all patent errors.
This court routinely reviews the record for errors patent, whether or not such a request is made by a defendant. Under La.Code Crim.P. art. 920(2), we are limited in our patent error review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible patent errors. However, we note the following patent sentencing error. The minutes do not reflect that the defendant’s sentence included that at least six months of the sentence be without benefit of parole, probation, or suspension of sentence or that the defendant be required to participate in a court-approved substance abuse program or a court-approved driver improvement program because a portion of the sentence was imposed with benefit of parole, probation, or suspension of sentence. See La.R.S. 14:98(D), as it read and was numbered at the time the crime was committed. Although the trial court erred by imposing an illegally lenient sentence, this court will not correct the sentence, as the error is in the defendant’s favor, and the state has not appealed the illegal sentence. See State v. Fraser, 484 So.2d 122 (La.1986).
CONVICTION AND SENTENCE AFFIRMED.

. We note that this court does not approve of taking simultaneous guilty pleas from seventeen defendants. Such a practice too easily leads to invalid waivers of constitutionally protected rights.