727 So.2d 574 (1998)
STATE of Louisiana
v.
Calvin WHITE.
No. 98 KA 0343.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
*575 Aaron Brooks, R. Christopher Nevils, Assistant District Attorneys, Baton Rouge, LA, Attorneys for State of Louisiana.
John B. Comish, Baton Rouge, LA, Attorney for Defendant-Appellant Calvin White.
Before FITZSIMMONS and GUIDRY, JJ., and CHIASSON,[1] J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
The defendant, Calvin White, was charged by bill of information with driving while intoxicated (DWI), fourth offense, a violation of La. R.S. 14:98. The defendant filed a motion to quash, which the trial court denied. The defendant subsequently pled guilty, reserving his right to appeal the denial of the motion to quash pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The defendant received a sentence of ten years at hard labor. The trial court suspended execution of all but two years of the sentence, and placed the defendant on active, supervised probation for five years with a number of special conditions. The defendant has appealed, urging as his sole assignment of error that the trial court erred in denying his motion to quash the instant bill of information.

FACTS
Because the defendant pled guilty, the facts of the instant offense were not fully *576 developed. The Boykin hearing reveals that on May 10, 1996, the defendant was driving his vehicle in East Baton Rouge Parish. He was stopped by a police officer for running a red light. The defendant was subsequently given a breath test which showed a .151% blood alcohol content. The defendant had three prior DWI convictions within the previous four years.

ASSIGNMENT OF ERROR:
In his sole assignment of error, the defendant contends that the trial court erred in denying his motion to quash the bill of information. In his brief to this Court, the defendant argues that one of the predicate convictions relied upon by the State was defective because the judge who accepted that guilty plea failed to determine whether or not the defendant knowingly and intelligently waived his right to counsel and failed to inform the defendant of the enhanced penalties for future offenses.
The bill of information filed against the defendant charged him with the instant offense of DWI, fourth offense. The three predicate offenses relied upon by the State were the following: The defendant entered a previous first offense DWI guilty plea in East Baton Rouge Parish on July 22, 1992, for an offense occurring on April 5, 1992. He was sentenced on September 23, 1992 (predicate # 1). Thereafter, the defendant entered a second offense DWI guilty plea and was sentenced in the Denham Springs City Court on August 9, 1993, for an offense occurring on July 3, 1993 (predicate # 2). Finally, the defendant entered a second offense DWI guilty plea and was sentenced in the Ascension Parish Court on March 4, 1996, for an offense occurring on November 5, 1995 (predicate # 3).
The defendant filed a motion to quash the bill of information, alleging that predicate offense # 3 could not be used because he pled guilty without a knowing and intelligent waiver of counsel and because he was not informed of the enhancement consequences of future DWI convictions.[2] The trial court held a hearing on the motion. In regard to predicate # 3, the State relied on an exhibit, which included in pertinent part, copies of: (1) the minutes from March 4, 1996; (2) the front page of bill of information no. 225217; (3) a waiver of rights and acceptance of guilty plea form; and (4) a D.A.'s screening action form. The defense offered the testimony of the defendant and his father-in-law, Clyde Pietri. Their testimony indicated that the defendant was in special education classes in school and only finished the eighth grade. The defendant testified that he could not read, although he could sign his name.
At the conclusion of the hearing, the trial court denied the motion to quash. The trial court correctly determined that there is no additional requirement in a Boykin proceeding that a judge inform the defendant of the possible use of the guilty plea as a predicate in a future enhancement proceeding. See State v. Longo, 560 So.2d 530, 532 (La.App. 1st Cir.1990). However, for the reasons which follow, we find that the trial court erred in concluding that the defendant knowingly and intelligently waived counsel when he entered his second offense DWI guilty plea in Ascension Parish Court on March 4, 1996.
An uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. Determining the defendant's understanding of the waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial *577 inquiry than determining his understanding of his waiver of counsel for a felony trial. Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. State v. Marcoux, 96-0453, pp. 2-3 (La.App. 1st Cir.3/27/97); 691 So.2d 775, 777, writ denied, 97-1079 (La.6/13/97); 695 So.2d 984. Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. State v. Strain, 585 So.2d 540, 542 (La.1991). The burden of proof is on the State to demonstrate a knowing, free and voluntary waiver of rights on guilty pleas. State v. Santiago, 416 So.2d 524, 526 (La.1982).
The defendant's signature on a printed waiver form advising him of his right to counsel and warning him of the dangers of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the duty of the trial judge to advise the defendant expressly of his right to counsel and to determine "on the record that the waiver is made knowingly and intelligently under the circumstances," taking into account such factors as the defendant's age, background, and education. State v. Deroche, 96-1376, p. 1 (La.11/8/96); 682 So.2d 1251, 1252.
In State v. Snider, 30,568, 30,569 (La.App. 2nd Cir.10/21/97); 707 So.2d 1262, writ denied, 97-3025 (La.2/13/98); 709 So.2d 748, in an attempt to delineate the scope of the brief, per curiam opinion in Deroche, the second circuit analyzed the jurisprudence, particularly the supreme court's opinion in Strain and this court's opinion in Marcoux. The second circuit rejected Snider's contention that Deroche condemned the use of preprinted forms per se, finding that the holding of Deroche was not so broad. After analyzing the jurisprudence, the second circuit found that the phrase "on the record" in Deroche meant "`in' the entire record" and concluded:
Thus, while the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters which appear in the record viewed as a whole may establish that the waiver was valid.
State v. Snider, 30,568 at p. 7; 707 So.2d at 1266.
In the instant case, the minute entry introduced in connection with predicate # 3 states that the Ascension Parish judge informed the defendant of his right to trial, right against self-incrimination, right to confront and cross-examine witnesses, right to be represented by an attorney, and the presumption of innocence. Thereafter, the minutes reflect that the defendant stated that he heard, understood and waived his rights. The "WAIVER OF RIGHTS ACKNOWLEDGEMENT AND ACCEPTANCE OF GUILTY PLEA" form was signed by the defendant and the judge. It included the following language regarding counsel waiver:
My guilty plea in this case is made with understanding and recognition of the fact that in so doing I waive and give up certain rights, among which are included:
* * *
2. Right to representation by an attorney and, if indigent (unable to afford an attorney's service), right to a court-appointed attorney at no expense to me;
* * *
MY SIGNATURE TO THIS DOCUMENT IS ACKNOWLEDGEMENT OF MY UNDERSTANDING OF ITS CONTENTS.
The defendant's date of birth (April 2, 1971) was contained in the waiver of rights and acceptance of guilty plea form and the D.A.'s screening action form. However, without a transcript, we can only conclude from the documents submitted into evidence that there was no inquiry on the record as to the defendant's education, experience, background, or competency, nor can we assume that this information was in the record. At the hearing on the motion to quash, the defendant testified that the judge did not ask *578 him if the defendant understood what was happening to him. Even noting the Ascension Parish judge's opportunity to observe the defendant's appearance, demeanor, and responses in court, in light of the above jurisprudence we find that, after considering everything which appears in the instant record, we must conclude that the evidence relied upon by the State to prove predicate # 3 was woefully inadequate to establish a valid waiver of counsel.
Accordingly, we find that the trial court erred in denying the defendant's motion to quash and we hereby reverse the ruling denying the motion to quash. The defendant's guilty plea and sentence are vacated, and this case is remanded to the trial court with instructions to grant the motion to quash Predicate # 3 and to proceed accordingly. This assignment of error has merit.
VACATE GUILTY PLEA AND SENTENCE. REVERSE RULING DENYING MOTION TO QUASH AND REMAND WITH INSTRUCTIONS.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The defendant does not contest predicate # 1 or predicate # 2. Both of these convictions were counseled guilty pleas.