| .WHIPPLE, J.
The defendant, Cedric Breland, Jr., was charged by bill of information with one count of third offense driving while intoxicated (DWI), a violation of LSA-R.S. 14:98. The predicate offenses alleged were a November 27, 1996 guilty plea to first offense DWI under Ascension Parish docket # 232827 (predicate # 1), and a March 25, 1998 guilty plea to first offense DWI under Ascension Parish docket # 249547 (predicate # 2). The defendant moved to quash, attacking the sufficiency of predicate # 1 to enhance the instant offense. Following a hearing, the trial court denied the motion to quash. Thereafter, the defendant entered a guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced, pursuant to a plea bargain, to three years at hard labor, with two years suspended based on certain conditions, including three years supervised probation, twelve months home incarceration, a $2,000.00 fine, enrollment in a substance abuse program, and attend- *598 anee at a court-appointed driver improvement program. He now appeals, designating one assignment of error. For the following reasons, we vacate the guilty plea and sentence, reverse the ruling denying the motion to quash, and remand with instructions.
FACTS
Due to the defendant’s guilty plea, there was no trial testimony concerning the facts in this matter. The bill of information charged that the defendant committed the instant offense on May 12, 2000. At the Boykin hearing, the trial court advised the defendant of the State’s third offense DWI charge against him and the predicate offenses upon which the charge was based, and the defendant indicated he agreed with the factual basis.
| ..MOTION TO QUASH (PREDICATE #1)
In his sole assignment of error, the defendant contends the trial court erred in failing to sustain the motion to quash the predicate offense of December 30, 1996. He contends the trial court erred in finding the conviction of December 30, 1996[2] to be a proper predicate offense to enhance the charge from a second offense DWI to a third offense DWI.
In order for a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The judge must also ascertain that the accused understands what the plea connotes and its consequences. If the defendant denies the allegations of the bill of information, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when it was taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. To meet this requirement, the State may rely on a contemporaneous record of the guilty plea proceeding, ie., either the transcript of the plea or the minute entry. Everything that appears in the entire record concerning the predicate, as well as the trial judge’s opportunity to observe the defendant’s appearance, demeanor and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. Boykin only requires that a defendant be informed of the three rights enumerated above. The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights which he may have. (Citations omitted.)
State v. Henry, 2000-2250, pp. 8-9 (La.App. 1st Cir.5/11/01), 788 So.2d 535, 541, writ denied, 2001-2299 (La.6/21/02) 818 So.2d 791.
Additionally, as this court has previously stated:
[A]n uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing *599 and intelligent 14waiver of counsel. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. Determining the defendant’s understanding of the waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of. each case. (Citation omitted.)
State v. Cadiere, 99-0970, pp. 3-4 (La.App. 1st Cir.2/18/00), 754 So.2d 294, 297, writ denied, 2000-0815 (La.11/13/00), 774 So.2d 971.
The defendant’s signature on a printed waiver form advising him of his right to counsel and warning him of the dangers of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the trial judge’s duty to advise the defendant expressly of his right to counsel and to determine “on the record that the waiver is made knowingly and intelligently under the circumstances,” taking into account such factors as the defendant’s age, background, and education. Cadiere, 99-0970 at p. 4, 754 So.2d at 297.
While the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters which appear in the record viewed as a whole may establish that a waiver was valid. Cadiere, 99-0970 at p. 4, 754 So.2d at 297.
|sIn support of the use of predicate # 1 for enhancement of the instant charge, the State introduced a waiver of rights/guilty plea form (form) and presented testimony from a former Ascension Parish Court Judge regarding his use of the form.
The form, in pertinent part, states:
My guilty plea in this case is made with understanding and recognition of the fact that in so doing I waive and give up certain rights, among which are included:
1. Right to trial and, if convicted, right to appeal;
2. Right to representation by an attorney and, if indigent (unable to afford an attorney’s service), right to a court-appointed attorney at no expense to me;
3. Right to confront or cross-examine the witnesses who might be called to testify against me at trial;
4. Right to subpoena or compel the attendancé of witnesses at my trial whom I might wish to have testify;
5. Right against self-incrimination, meaning right to remain silent and not testify at my trial without having any adverse inference drawn therefrom;
*600 6. Right to presumption of innocence until or unless overcome by proof beyond a reasonable doubt;
7. Right to a trial by jury.
[[Image here]]
I am satisfied with the legal representation I have received from my attorney.
The nature of the charges have been explained to me and I fully understand the element of the offense(s) to which I am pleading guilty.
I have not been forced, threatened, or intimidated into making this plea, nor has anyone made me any promises in order that I enter this plea. I voluntarily waive all of the above rights and enter this plea of guilty because I am, in fact, GUILTY.
MY SIGNATURE TO THIS DOCUMENT IS ACKNOWLEDGEMENT OF MY UNDERSTANDING OF ITS CONTENTS.
|f;On the form, numbers 1-6 were checked, as were the statements concerning the nature of the charges and waiver of rights. The form was signed by “Cedric R. Breland Jr[.]” and the lines for address, date of birth, social security number, and driver’s license number were completed with handwritten information. However, the line for the judge’s signature under the statement, “PLEA OF GUILTY IS HEREBY ACCEPTED AS VOLUNTARILY AND INTELLIGENTLY OFFERED AND SUPPORTED BY FACTUAL BASIS” is unsigned.
The judge testified that he recognized the form as the one he had used to remind him of the Boykin rights to advise defendants of and to make certain he had “give[n] [defendants] all of the different rights that were needed at the time in order to accept the guilty plea.” The judge further stated that he recognized his handwriting on the form and that his check marks indicated, “[t]hat I read all of the rights that are contained in this agreement to him, and asked him if he understood them.” In response to questioning concerning whether or not, in checking the form, he had made a determination as to the defendant’s knowing and intelligent waiver of his rights, the judge indicated he had specifically asked for the defendant’s address, date of birth, social security number, and driver’s license number to determine whether he could answer those questions and based upon the answers had judged whether or not the defendant was under the influence of alcohol or drugs and whether he knowingly and intelligently knew what he was doing. In response to further questioning, the following exchange occurred:
Q. Your Honor, with regard to — everybody gets into the fact that there’s no question regarding the defendant’s literacy, competency or understanding or his ability to read and write. At that particular time when you were asking this defendant the question or questions according to your Boykin form or your guilty plea and waiver of rights form, were you able to ascertain what you believed to be the defendant’s character at that time insofar as his understanding and literacy?
|7A. Normally I would ascertain that through this document, and that would be evidenced by my signature. I hate to tell you, my signature is not present, so I don’t really know why I didn’t sign it. If it was by mistake that I just overlooked it or it was because of something I felt defective, I don’t remember to be honest with you.
Q. Okay.
A. Normally by my signature, I would answer in the affirmative.
*601 Q. Let me ask you this, Judge. If you by not signing or the' fact that your signature is not on that form, would you have taken that guilty plea if you believed that there would be a defect in your form?
A. No, of course not.
[[Image here]]
[THE COURT]: Let me ask this question, ....
Judge ..., so far as not signing that particular sheet, would you have had that Boykin form filed?
A. No. If I wouldn’t have signed it, I wouldn’t have taken the guilty plea and wouldn’t have filed it.
[THE COURT]: Right. You wouldn’t have taken it and you wouldn’t have had it filed. By the fact that it was filed, does that indicate anything to you, that it was filed? .
A. Well, the fact — if it was filed, and which it seems to have been, the fact that I took the guilty plea would indicate to me that I did think that he understood his rights, that he knowingly and intelligently waived those rights, that he did voluntarily enter a guilty plea, knowing what he was doing at the time.
On cross-examination, the judge stated the form indicated the defendant did not have the assistance of counsel at the time he was advised of his rights. Additionally, the judge acknowledged he had no independent recollection of giving the form to the clerk to be filed on the date in question.
In the instant case, after consideration of the record before us, and in light of the jurisprudence, we must conclude that neither the form nor the testimony presented by the State were legally sufficient to establish a valid waiver of counsel for predicate # 1. In State v. White, 98-0343, p. 5 (La.App. 1st Cir.12/28/98), 727 So.2d 574, 578, this court found the evidence relied upon by the State to prove an Ascension Parish Court predicate DWI offense “woefully inadequate to establish a valid waiver of counsel.” We reached that conclusion, “[e]ven noting the Ascension Parish judge’s opportunity to observe the defendant’s appearance, demeanor, and responses in court[.]” White, 98-0343, p. 5, 727 So.2d at 578. Notably, the evidence relied upon by the State in White for the predicate in question consisted of a minute entry [3] and the same form relied upon by the State in the instant case.
This assignment of error has merit.
CONCLUSION
Accordingly, we find that the trial court erred in denying the defendant’s motion to quash and we hereby reverse the ruling denying the motion to quash. The defendant’s guilty plea and sentence are hereby vacated, and this case is remanded to the trial court with instructions to grant the defendant’s motion to quash predicate # 1 and to proceed accordingly.
GUILTY PLEA AND SENTENCE VACATED. RULING DENYING MOTION TO QUASH REVERSED AND REMANDED WITH INSTRUCTIONS.

. Predicate # 1 was initially set forth in the bill of information as a December 30, 1996 conviction for first offense driving while intoxicated. However, the State subsequently amended the bill to correctly set forth the date of predicate # 1 as November 27, 1996.

. The minute entry indicated the Ascension Parish judge had informed the defendant of his right to trial, right against self-incrimination, right to confront and cross-examine witnesses, right to be represented by an attorney, and the presumption of innocence, and reflected the defendant stated he heard, understood and waived his rights. White, 98-0343, pp. 4-5, 727 So.2d at 577.