754 So.2d 294 (2000)
STATE of Louisiana
v.
Godfrey CADIERE, Jr.
No. 99 KA 0970.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
*296 Carlos Lazarus, Assistant District Attorney, Houma, for Appellee, State of Louisiana.
Joan Malbrough, Houma, for Defendant/Appellant, Godfrey Cadiere, Jr.
Before: CARTER, LeBLANC, and PETTIGREW, JJ.
CARTER, J.
The defendant, Godfrey J. Cadiere, Jr., was charged by grand jury indictment with one count of fourth offense driving while intoxicated (DWI), a violation of LSA-R.S. 14:98. This offense allegedly occurred on June 26, 1997. The predicate offenses alleged were a April 12, 1989 Houma City Court guilty plea to a March 19, 1989[1] DWI offense under docket number 29317 (predicate number 1), an October 14, 1992 Thirty-Second Judicial District Court guilty plea to a December 13, 1991 DWI offense under docket number 223,527 (predicate number 2), and a May 20, 1998 Thirty-Second Judicial District Court conviction for a May 4, 1997 DWI offense under docket number 293,375 (predicate number 3). The defendant moved to quash, attacking the sufficiency of predicates number 1 and number 2 to enhance the instant offense. Following a hearing, the trial court found both predicates sufficient for enhancement of the instant charge. The defendant objected and invoked the supervisory jurisdiction of this court to review the rulings. This court denied the defendant supervisory relief. State v. Cadiere, 98-2486 (La.App. 1st Cir.12/17/98). Thereafter, the defendant entered a guilty plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976). On February 2, 1999, the defendant was sentenced to ten years at hard labor. He now appeals, designating two assignments of error.

FACTS
Due to the defendant's guilty plea, there was no trial testimony concerning the facts in this matter. However, at the defendant's Boykin hearing, the trial court advised the defendant of the State's fourth offense DWI charge against him and the predicates it was based upon and, in response to questioning, the defendant indicated that he understood the factual basis for the charge to which he was pleading guilty.

MOTION TO QUASH (PREDICATE NUMBER 1)
In assignment of error number one, the defendant contends the trial court erred in denying his motion to quash because the record does not affirmatively show that his plea in predicate number 1 was made knowingly and voluntarily and while he was represented by counsel. The defendant argues that the trial court failed to question him sufficiently to determine whether his plea and waiver of counsel were knowing, intelligent, and voluntary.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The judge must also ascertain that the accused understands what the plea connotes and its consequences. It is the State's burden to show that the defendant *297 knowingly and expressly waived his Boykin rights when entering this guilty plea. To meet this requirement, the State may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript of the plea or the minute entry. State v. Delanoix, 637 So.2d 515, 516 (La. App. 1st Cir.1993). Everything that appears in the entire record concerning the predicate, as well as the trial judge's opportunity to observe the defendant's appearance, demeanor, and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. See State v. Lodrigue, 97-1718, p. 7 (La.App. 1st Cir.5/15/98), 712 So.2d 671, 674. Boykin only requires that a defendant be informed of the three rights enumerated above. State v. Longo, 560 So.2d 530, 532 (La. App. 1st Cir.1990). The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights which he may have. See State v. Wright, 517 So.2d 458, 460 (La. App. 1st Cir.1987), writ denied, 522 So.2d 1093 (La.1988).
Additionally, an uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. Determining the defendant's understanding of the waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. Lodrigue, 712 So.2d at 673.
The defendant's signature on a printed waiver form advising him of his right to counsel and warning him of the dangers of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the duty of the trial judge to advise the defendant expressly of his right to counsel and to determine "on the record that the waiver is made knowingly and intelligently under the circumstances," taking into account such factors as the defendant's age, background, and education. Lodrigue, 712 So.2d at 673, citing, State v. Deroche, 96-1376, p. 1 (La.11/8/96), 682 So.2d 1251, 1252.
However, "while the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters which appear in the record viewed as a whole may establish that the waiver was valid." Lodrigue, 712 So.2d at 673, quoting, State v. Snider, 30,568, p. 7 (La.App. 2nd Cir.10/21/97), 707 So.2d 1262, 1266, writ denied, 97-3025 (La.2/13/98), 709 So.2d 748.
In support of the use of predicate number 1 for enhancement of the instant charge, the State introduced a transcript of the Boykin hearing conducted for the *298 predicate and a minute form of the arraignment conducted for the predicate.[2]
The transcript provided, in pertinent part, as follows:
THE COURT:
Mr. Cadiere, you are charged on March 19, 1989 with the offense of operating a vehicle while under the influence of alcoholic beverages.
(Discussion off the record)
THE COURT:
You need to pay attention. The law requires me to make an explanation.
First of all, each of you should understand if you have any questions concerning the charges against you, if you have a question so far as what your rights and responsibilities are, if you are not too sure as to whether or not you want to admit or deny or tener (sic) some other type of plea, then of course you should speak to an attorney. Generally, I explain to people if they have any questions concerning their appearance here, their (sic) charges against them and their options, their rights, their responsibilities, they should speak to an attorney.
You have the responsibility to hire an attorney of your choice if you are able. If you are indigent, that is poor, then an attorney would be appointed to represent you at no cost to you.
YOu (sic) have the right to plead not guilty, and if you did so, then the matter would be scheduled for a trial which would be held at a later date. All trials are public and would be held in this same courtroom. All trials are before a judge, and of course you must be present at your trial.
A trial is a hearing at which the prosecutor would produce whatever evidence and call whatever witnesses he or she has. It is the prosecutor's job to attempt to establish your guilt.
You have the right to examine any evidence that is in fact introduced against you. You have the right to examine any evidence that is in fact introduced against you. YOu (sic) have the right to hear the testimony of any witnesses who are called against you. After they have testified you have the right to ask those witnesses questions.
After the prosecutor has presented the State's case, then of course you have several alternatives. You have the right to present evidence on your behalf, you have the right to call witnesses to give testimony on your behalf, and to make sure that they do in fact appear, you have the right to subpoena them at no cost to you. You have the right to take the stand and to give testimony.
During these entire proceedings you also have the privilege against compulsory self-incrimination. That simply means that you have the right to remain silent. You cannot be forced or compelled to testify. You cannot be forced or compelled to present a defense. In fact, you cannot be forced or compelled to do anything, other than to appear.
[Advice of the penalties for DWI, first, second, third, fourth and subsequent offenses.]
THE COURT:
Mr. Cadiere, do you understand what your rights are?
MR. CADIERE:
Yes, sir.
THE COURT:
Do you understand what the penalties are for a DWI?
MR. CADIERE:
Yes, sir.

*299 THE COURT:
Do you have a lawyer?
MR. CADIERE:
No, sir.
THE COURT:
Would you like to speak to one?
MR. CADIERE:
No, sir.
THE COURT:
Do you understand that if you did wish to speak to an attorney that you, of course, have the right to do so?
MR. CADIERE:
Yes, sir.
THE COURT:
Do you understand that if you wanted to talk to an attorney but could not afford an attorney that one would be appointed to represent you at no cost to you?
MR. CADIERE:
Yes, sir.
THE COURT:
Do you understand what you are charged with?
MR. CADIERE:
Yes, sir.
THE COURT:
How do you intend to plead?
MR. CADIERE:
Guilty.
THE COURT:
Do you understand that by pleading guilty you are waiving your rights?
MR. CADIERE:
Yes, sir.
THE COURT:
This lady is going (sic) you sign an acknowledgement that you understand your rights, and acknowledgement that you understand the penalties of DWI. You will also sign stating that you waive your rights to an attorney, that you waive your other rights and plad (sic) guilty. I will sentence you in a few minutes.
MR. CADIERE:
Yes sir. (Complies with request of the court)
THE COURT:
Based upon our very brief in court colloquy, my observation of Mr. Cadiere before me, his response to my questions, I think he does in fact understand what his rights are. I think he does in fact understand that by pleading guilty he waives those rights. I will accept his plea since I find it to be freely, knowingly, voluntarily, and intelligently made.
(Discussion off the record)
[Defendant sentenced]
* * * * * *
THE COURT:
Mr. Cadiere, do you basically understand what that sentence is?
MR. CADIERE:
Yes, sir.
THE COURT:
Do you have any questions?
MR. CADIERE:
What you said about May 8th, I should be here for 5:00?
THE COURT:
Yes, May 8th. They are going to give you a copy of this, but you have got to be in this same courtroom on Monday, May 8, 1989 at 5:30 p. m. [sic] to attend a DWI education class which will last a couple of hours.
What type of payment schedule do you want to make, so far as paying your fine?
MR. CADIERE:
A hundred bucks a month. A hundred dollars down.
THE COURT:
What day of the month is going to be good for you to make those hundred dollar payments?
MR. CADIERE:
The same day as May.
*300 The minute form of the arraignment conducted for the predicate had boxes checked, in pertinent part, to the following statements:
ACCUSED PRESENT IN COURT ... WITHOUT COUNSEL
Rights were read from prepared rights form to all present in court en masse. When asked by the court whether he/ she understood those rights, the defendant indicated "yes" and has signed a rights form verifying that he/she understands his/her rights.
ACCUSED WAIVED RIGHT TO AN ATTORNEY
ACCUSED WAIVED ABOVE RIGHTS GUILTY
The Judge stated that based upon his observation of the defendant and the defendant's responses to the Judge's questions, the Judge finds that the defendant understands his/her rights, and freely, voluntarily, knowingly and intelligently waives his/her rights and, in particular, his/her rights to an attorney.
A thorough review of the entire record concerning predicate number 1 convinces us that the trial court did not err in denying the defendant's motion to quash the State's use of this predicate to enhance the instant offense. The State's proof of predicate number 1 revealed the defendant's knowing and express waiver of Boykin rights and knowing and intelligent waiver of counsel. Accordingly, this assignment of error is without merit.

MOTION TO QUASH (PREDICATE NUMBER 2)
In assignment of error number two, the defendant contends the trial court erred in denying his motion to quash because the record does not affirmatively show that his plea in predicate number 2 was made knowingly and voluntarily and while he was represented by counsel. The defendant argues that the State's failure to produce a contemporaneous record of the trial court advising him that he was entitled to court-appointed counsel if he was unable to afford an attorney renders the predicate constitutionally infirm.
In support of the use of predicate number 2 for enhancement of the instant charge, the State introduced the bill of information, waiver of rights form, typed minutes, and handwritten minutes concerning the predicate.[3]
However, the defendant unsuccessfully raised this same attack to the State's use of this same predicate with the same evidence to support a charge of third offense DWI in Docket No. 99 KA 0068, rendered by this court on November 5, 1999. For the reasons set forth in that decision, this assignment of error is without merit.

PATENT ERROR
On a fourth conviction for operating a vehicle while intoxicated, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years and may be fined not more than five thousand dollars. See LSA-R.S. 14:98 E(1) prior to amendment by 1997 La. Acts No. 1296, § 2. At least one year of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. In the discretion of the court, any additional portion or all of the sentence may be imposed without benefit of suspension of sentence, probation, or parole. If a portion of the sentence is imposed with benefit of suspension of sentence, probation, or parole, the court shall require the offender to participate in a court-approved substance abuse program and a court-approved driver improvement program. If the offender has previously been required to participate in either or both of such programs as a third offender, at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. If the offender has previously been required to participate in either or both of such programs *301 as a first or second offender, but not as a third offender, at least two years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense. See LSA-R.S. 14:98 E(2) prior to amendment by 1997 La. Acts No. 1296, § 2.
The instant offense occurred on June 26, 1997. Louisiana Revised Statute 14:98 was amended, pertinent to the instant offense, by 1997 La. Acts No. 1296, § 2, effective July 15, 1997. Louisiana Revised Statute 15:301.1 was enacted by 1999 La. Acts No. 94, § 1, effective August 15, 1999, but applied retroactively. State v. Houston, 98-2658, p. 2, n. 1 (La.App. 1st Cir.9/24/99), 754 So.2d 256, 260, n. 1 (Pettigrew, J., concurring in part, dissenting in part). The defendant was sentenced on February 2, 1999.
The trial court sentenced the defendant to ten years at hard labor, thus complying with LSA-R.S. 14:98 E(1) prior to amendment by 1997 La. Acts No. 1296, § 2. However, the court failed to comply with the provisions of LSA-R.S. 14:98 E(2) prior to amendment by 1997 La. Acts No. 1296, § 2. When a criminal statute requires that all or a portion of a sentence imposed for violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence that is imposed under the provisions of that statute is deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. See LSA-R.S. 15:301.1. However, under LSA-R.S. 14:98 E(2) prior to amendment by 1997 La. Acts No. 1296, § 2, depending on the defendant's sentencing and criminal history, the trial court may have discretion in regard to the imposition of the sentence without benefit of suspension of sentence, probation, or parole, beyond a mandatory denial of these benefits for the first year of the sentence. Accordingly, the sentence imposed herein is hereby vacated, and this matter is remanded for resentencing in accordance the provisions of LSA-R.S. 14:98 E(1) and (2), prior to amendment by 1997 La. Acts No. 1296, § 2.

CONCLUSION
For the reasons set forth in this opinion, defendant's conviction is affirmed. The sentence is vacated and this matter is remanded for resentencing as set forth above.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
PETTIGREW, J., concurs in part, dissents in part, and assigns reasons.
PETTIGREW, J., concurring in part, and dissenting in part.
I concur with the majority in the affirmation for the defendant's conviction in this case. However, for the same reasons I cited in my dissent in State v. Houston, No. 98-2658, 754 So.2d 256 (La.App. 1 Cir. 9/24/99), I dissent from the majority's decision to remand this case to the trial court for resentencing.
NOTES
[1] The indictment lists the offense date for predicate number 1 as "March 19, 1998[,]" approximately nine years after the defendant pled guilty to the offense. The record contains the bill of information for predicate number 2, which lists the offense date for predicate number 1 as "March 19, 1989[.]" We recognize the obvious typographical error.
[2] At the hearing on the motion to quash, the State made reference to information on "the next page" of the minute form of the arraignment conducted for the predicate. However, the form contained in the record has only one page.
[3] No handwritten minutes concerning predicate number 2 appear in the instant record.