797 So.2d 735 (2001)
STATE of Louisiana
v.
Katherine A. BROCKWELL.
No. 2000 KA 2547.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
Walter K. Naquin, Jr., District Attorney, Heidi L. Mabile, Assistant District Attorney, Camille A. Morvant, II, Assistant District Attorney, Thibodaux, for StateAppellee.
Charles Gary Blaize, Houma, for Defendant Appellant Katherine A. Brockwell.
Before: FOIL, FOGG, and CLAIBORNE,[1] JJ.
*736 FOGG, J.
The defendant, Katherine A. Brockwell, was charged with one count of third offense driving while intoxicated, a violation of LSA-R.S. 14:98. Following the denial of her motion to quash, the defendant pled guilty, reserving her right to appeal preplea errors, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). She was sentenced to five years at hard labor, six months without benefit of probation, parole, or suspension of sentence, the remainder of the sentence suspended, three years supervised probation subject to certain conditions, and a $1000 fine.[2] She now appeals, designating one assignment of error.

FACTS
No factual basis was set forth for the instant offense. The bill of information charged the defendant operated a vehicle while intoxicated (DWI) on February 22, 2000, constituting a third offense DWI, the defendant having been previously arrested for DWI on September 12, 1994, and subsequently convicted on October 24, 1994 under 32nd Judicial District Court docket # 255680 (predicate # 1), and the defendant having been previously arrested on July 5, 1999, and subsequently convicted on September 20, 1999 under City Court of Thibodaux docket # 99-73326 (predicate # 2).

MOTION TO QUASH
In her sole assignment of error, the defendant contends the trial court erred in denying her motion to quash when improper documentation was presented in support of the conviction.
In order for a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must have informed the defendant that by pleading guilty she waives: (a) her privilege against compulsory self-incrimination; (b) her right to trial and jury trial where applicable; and (c) her right to confront her accuser. The judge also must have ascertained that the accused understands what the plea connotes and its consequences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Boykin only requires that a defendant be informed of the three rights enumerated above. The jurisprudence indicates that courts have been unwilling to extend the scope of Boykin to include advising the defendant of any other rights that she may have. State v. Cadiere, 99-0970 (La.App. 1 Cir. 2/18/00), 754 So.2d 294.
Recently, the Louisiana Supreme Court, in the case of State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, eased the burden on the state in proving a prior DWI guilty plea as a predicate offense for a third offense DWI charge. If the defendant denies the allegations of the bill of information charging her with third offense DWI, the state bears the initial burden of proving the existence of the prior guilty pleas and that counsel represented the defendant when they were entered. Carlos, 98-1366 at p. 6, 738 So.2d at 559. However, this burden-shifting benefit applies only when the defendant was represented by counsel when the predicate guilty pleas were entered. In the instant case, the defendant was not represented by counsel when she entered her previous *737 guilty pleas. Therefore, the state must establish that the defendant knowingly and intelligently waived her right to counsel when the prior guilty pleas were entered. State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843.
In State v. Strain, 585 So.2d 540 (La. 1991), the Louisiana Supreme Court observed that, in accepting a waiver of counsel, the trial judge should inform the accused of the nature of the charges, and the penalty range, and the judge should inquire into the accused's age, education and mental condition. However, in Stevison, the court noted that the Strain court had not established an inflexible criteria or a magic word formula for determining the voluntariness of the waiver. Rather, the determination of the validity of the accused's waiver of counsel rests on the totality of the circumstances in each case. Stevison, 97-3122 at p. 2, 721 So.2d at 845.
In regard to predicate # 1, the state introduced a bill of information charging the defendant with first offense DWI, a minute entry reflecting the defendant pled guilty to the offense, and a "WAIVER OF CONSTITUTIONAL RIGHTS AND PLEA OF GUILTY" form. The minute entry indicated the defendant pled guilty, without counsel, after being advised of the rights contained in the rights waiver form, after being advised of the consequences of pleading guilty, after being advised of the dangers of self-representation, and after personal interrogation by the court concerning her competency to understand her rights and the consequences of a guilty plea, her age, literacy, education, experience, and background. The defendant affirmatively answered the court's questions concerning whether she had read and understood the entire contents of the rights waiver/guilty plea form, whether she wished to waive all of the rights and accept all of the consequences of pleading guilty as set forth in the form, whether all of the statements set forth in the form were true, and whether her actions were free and voluntary. She then signed the form in open court. The trial court announced its satisfaction that the defendant had knowingly, intelligently, and voluntarily waived her right to counsel and to court appointed counsel, if indigent. The court further announced its satisfaction that the defendant understood all of the "rights and consequences" of entering a guilty plea, outlined in the form, and that the defendant voluntarily waived those rights.
The rights waiver/guilty plea form, in pertinent part, set forth:
WAIVER OF CONSTITUTIONAL RIGHTS AND PLEA OF GUILTY
I, /s/Katherine Brockwell, defendant in the above case, informed the Judge that I wanted to plead guilty to the charge of:
DRIVING WHILE INTOXICATED, FIRST OFFENSE
. . . .
I understand that in pleading guilty to such charge I stand convicted thereof and waive the following constitutional rights:
1. The right to a trial.
. . . .
3. To confront and cross-examine the witnesses who accuse me of the crime charged.
4. The privilege against self-incrimination or having to take the stand myself and testify.
. . . .
7. To be represented at all times in the proceeding, including appeal, by counsel of my choice or by a court appointed *738 attorney at no cost to me if I lack the finances to employ one.
. . . .
I do not want an attorney. I am able to read, write and speak the English language. I fully understand the nature of the charges against me, and I choose self-representation. I understand that an attorney, because of his special training and education, is in a better position to raise technical defense to any charges which are pending and to which I desire to represent myself. I represent myself knowing this and desire to plead as set forth above, I believe this plea is in my best interest and I recognize the danger of self-representation.
I acknowledge that I am guilty of the offense charged and do voluntarily waive such rights and enter a plea of guilty thereto because I am in fact guilty. I have not been induced to plead guilty or sign this statement by any threat, pressure, force or promise, my actions being entirely free and voluntary.
In regard to predicate # 2, the state introduced a Boykin transcript of the defendant's guilty plea to first offense DWI; a Louisiana Uniform DWI Citation; an "ADVICE OF RIGHTS" form; an affidavit alleging the defendant's commission of second offense DWI; and minute entries concerning the defendant's arraignment, Boykinization, guilty plea, and sentencing. The Boykin transcript indicated the defendant pled guilty to first offense DWI, without counsel, after interrogation by the court concerning her education (tenth grade) and literacy (she could read and write), and after being advised by the court of the offense, the penalty, and enhanced penalties for subsequent violations. Additionally, the defendant affirmatively answered the court's questions, "Do you understand that by pleading guilty this afternoon, you are waiving your right to have an attorney in this matter, which certainly would greatly aid you in the defense of your charges; do you understand that?," and "Do you also understand that you are waiving your right to a trial in this matter, which means you will not have the opportunity to cross-examine or question any of the witnesses called by the Prosecution that would testify against you[?]" The defendant negatively answered the court's question, "Has anybody threatened you in anyway to get you to plead guilty?" The trial court announced its satisfaction that the defendant had freely, voluntarily, and intelligently entered her guilty plea.
The rights waiver/guilty plea form, bearing the case number of predicate # 2, in pertinent part, set forth:
ADVICE OF RIGHTS
I, the undersigned, do hereby acknowledge that I have been advised of my rights to trial on the offense(s) of: D.W.I. (second offense),....
I, further acknowledge that I have been advised that I have the following rights:
1. The right to remain silent.
2. The right against self-incrimination, that being the right to be free not to give evidence against yourself.
3. The right to an attorney, and if I am unable to afford an attorney that one will be appointed by the Court to represent me at no cost to myself.
. . . .
6. The right to confront and cross-examine the witnesses against me.
. . . .
I, further acknowledge that I understand these rights and have been advised that if I enter a plea of guilty that I will be waiving and giving up all of these rights.
. . . .
I wish to proceed in this matter with/without an attorney present.
*739
 /s/ Katherine Brockwell
The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. While the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters that appear in the record viewed as a whole may establish that the waiver was valid. Cadiere, 99-0970 at p. 4, 754 So.2d at 297.
After a thorough review of the entire record, and in light of the respective trial judges' opportunities to observe the defendant's appearance, demeanor, and responses in court, we find a valid waiver of counsel by defendant in each predicate offense. Moreover, we find no error in the instant trial court's denial of the motion to quash. For each predicate offense, the state produced evidence of the defendant's knowing waiver of her privilege against compulsory self-incrimination, her right to trial, and her right to confront her accusers.
Accordingly, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Retired Judge Ian W. Claiborne is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The trial court failed to impose a $2000 fine upon the defendant pursuant to LSA-R.S. 14:98(D)(1). However, this court will not correct the sentence as the error is in the defendant's favor and the State has not appealed the illegal sentence. See State v. Fraser, 484 So.2d 122 (La.1986).