845 So.2d 372 (2003)
STATE of Louisiana
v.
Tommy P. VERDIN.
No. 2002 KW 2671.
Court of Appeal of Louisiana, First Circuit.
February 3, 2003.
*374 Ellen Daigle Doskey, Assistant District Attorney, Counsel for Relator, State of Louisiana.
Michael S. Zerlin, Attorney at Law, Counsel for Respondent, Tommy P. Verdin.
Before: DOWNING, GAIDRY, and CIACCIO,[1] JJ.
PER CURIAM.
Defendant is charged with DWI third offense. He filed a motion to quash in which he argued his prior DWI guilty plea from February 21, 1995 should be quashed because the concept of enhancement was not explained during the Boykin colloquy.[2] At the hearing held on the motion to quash, defendant also argued that the prior guilty plea was defective because it was conducted as a group Boykin. The trial court granted the motion to quash. The State of Louisiana seeks review of that ruling, and defendant has filed an opposition to the writ. For the following reasons, we grant the writ, reverse the trial court's ruling, and remand for further proceedings.
In the prior DWI conviction from February 21, 1995, defendant was charged with DWI first offense. He was not represented by counsel. He and two other defendants pled guilty to first offense DWI during the same proceeding. In response to questioning by the court, defendant provided his full name, address, date of birth, social security number, and telephone number. The court advised the defendants of the nature of the offense and the elements of the offense. In response to questioning, each defendant told the court that he understood the charge. The court then advised the defendants extensively about their rightsthe right to plead not guilty, the right to trial before a judge, the right to be represented by an attorney and to court-appointed counsel if indigent, the right to listen to the witnesses the state *375 might call at trial, the right to have the state prove guilt beyond a reasonable doubt, the right against self-incrimination, the right to testify at trial and present a defense, and the right to subpoena witnesses to testify at the trial. The court advised the defendants that, if they pled guilty, it would be too late to change their minds later. The court further informed the defendants that the sentence would be imposed under a provision of law that would "hopefully" keep the offense off of their driving records, but the court warned that if they were arrested again for DWI they would be charged as a DWI second offender and the penalty would be "substantially greater" than for a first offense. The court advised the defendants that, if they went to trial, the state would be required to introduce testimony from the police officer who conducted the breath test about how the machine was used and the state would have to establish that certain regulations were followed. Finally, the court advised the defendants that, if they pled guilty, they would not have the opportunity to see the witnesses the state would call at trial. In response to questioning, each defendant said he understood his rights, had not been promised anything or threatened, and was pleading guilty because the charge was true.
All of the defendants were placed on probation and were told that they were being sentenced under article 894 of the Code of Criminal Procedure. The court explained the application of article 894 and told defendant that his driver's license would be suspended as a result of the guilty plea. Prior to pleading guilty, defendant heard the sentence imposed on one of the other defendants. Defendant then pled guilty and was sentenced the same as that other defendant.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The judge must also ascertain that the accused understands what the plea connotes and its consequences. It is the state's burden to show that the defendant knowingly and expressly waived his Boykin rights when entering this guilty plea. To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript of the plea or the minute entry. Everything that appears in the entire record concerning the predicate, as well as the trial judge's opportunity to observe the defendant's appearance, demeanor, and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. State v. Cadiere, 99-0970 (La.App. 1st Cir.2/18/00), 754 So.2d 294, 296-97, writ denied, XXXX-XXXX (La.11/13/00), 774 So.2d 971.
Boykin only requires that a defendant be informed of the three rights enumerated above. The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights which he may have. Cadiere, 754 So.2d at 297. Although advice with respect to a defendant's sentencing exposure and the possibility of enhancement may facilitate the taking of a voluntary guilty plea, such advice has never formed part of the Supreme Court's core Boykin requirements for the entry of a presumptively valid guilty plea. See State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158, 1164; State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517 (per curiam); *376 State v. Wright, 517 So.2d 458, 460 (La.App. 1st Cir.1987), writ denied, 522 So.2d 1093 (La.1988).
Additionally, an uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. Determining the defendant's understanding of the waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. Whether an accused has knowingly and intelligently waived his right to counsel is a question that depends on the facts and circumstances of each case. Cadiere, 754 So.2d at 297.
In the motion to quash, defendant claimed the prior guilty plea was improperly entered because the trial court did not advise him of the possibility of enhancement. The transcript refutes defendant's allegation that the court did not advise of the possibility of enhancement. The court advised defendant that if he was arrested again for DWI he would be charged as a DWI second offender and the penalty would be "substantially greater" than for a first offense. In the writ, defendant argues that this limited advice was inadequate. As indicated above, advice about the penalty and the possibility of enhancement is not part of the core Boykin requirements. We are aware that a different panel of this court has said such advice is required for a valid waiver of the right to counsel. In State v. Deshotel, 98-0730 (La.App. 1st Cir.2/23/99), 730 So.2d 994, 997, the court said in dicta that, for the waiver of counsel in an uncounseled DWI first offense guilty plea to be valid, the defendant "[a]t a minimum" must have been advised of the possibility of enhancement. No authority was cited for this position, and such a position appears contrary to the position taken by the Supreme Court in State v. Strain, 585 So.2d 540 (La.1991), wherein the court noted the distinctions between the waiver of counsel at a felony trial (wherein advice of the penalty range is required) and the waiver of counsel in an uncomplicated misdemeanor guilty plea. See also State v. Rodrigue, 01-377 (La.App. 5th Cir.8/28/01), 795 So.2d 488, 494 (under the jurisprudence, advice with respect to sentencing exposure is not essential for the waiver of counsel in a misdemeanor DWI guilty plea). In any event, even under the position taken in Deshotel, under the facts and circumstances of the prior guilty plea the court's advice was adequate to inform defendant of the possibility of enhancement.
In granting the motion to quash, the trial court expressed dislike for group Boykins. Although a personal colloquy between a trial judge and the defendant is preferred, group guilty pleas are not automatically invalid. See State v. *377 Richard, XXXX-XXXX (La.9/29/00), 769 So.2d 1177 (per curiam); State v. Filer, XXXX-XXXX (La.6/30/00), 762 So.2d 1080 (per curiam); State v. Marler, XXXX-XXXX (La. App. 1st Cir.2/16/01), 797 So.2d 706, 711-12. In the prior DWI guilty plea, the court advised three defendants of their rights in the same proceeding. However, the court personally addressed each defendant and the proceedings were adequate to establish that defendant knowingly and expressly waived his Boykin rights and the right to counsel.
In his opposition to the writ, defendant relies on La.Code Crim. P. art. 556. Article 556 was amended in 2001 to regulate the entry of misdemeanor guilty pleas. Under article 556(B)(1), in a misdemeanor case in which the conviction can be used to enhance the grade or statutory penalty for a subsequent offense, the court shall not accept a guilty plea without informing the defendant of the mandatory minimum penalty and the maximum possible penalty. This requirement does not apply retroactively to predicate guilty pleas entered prior to the amendment of article 556. See State v. Phillips, 99-1629 (La.App. 1st Cir.5/12/00), 762 So.2d 172, 174. Moreover, even if article 556 applied to the prior guilty plea, a finding of invalidity would not be automatic. Violations of article 556 which do not rise to the level of a Boykin violation are subject to harmless error review. See Guzman, 769 So.2d at 1164-66. See also La.Code Crim. P. art. 556(D).
Accordingly, the trial court's ruling granting defendant's motion to quash is reversed, and this matter is remanded to the district court for further proceedings.
RULING ON MOTION TO QUASH REVERSED; REMANDED.
NOTES
[1] Philip C. Ciaccio is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In the opposition to this writ, defendant appears to also contest his prior DWI conviction from June 18, 1998. However, at the hearing held on the motion to quash he specifically told the court that he was attacking only the conviction from February 21, 1995.