STATE OF LOUISIANA
v.
ANTHONY WAYNE BONNER
No. 2007 KA 1469.
Court of Appeal Louisiana, First Circuit.
February 20, 2008.
Not Designated for Publication
J. PHIL HANEY, District Attorney, JEFFREY J TROSCLAIR, Assistant District Attorney, Franklin, LA, Attorneys for State of Louisiana.
ROBERT P. FUHRER, Morgan City, LA, Attorney for Defendant-Appellant, Anthony Wayne Bonner.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
The defendant, Anthony Wayne Bonner, was charged by bill of information with driving while intoxicated (DWI)-fourth offense, a violation of LSA-R.S. 14:98(E).[1] The defendant entered a plea of not guilty and filed a motion to quash, alleging that two of his prior DWI convictions were insufficient to be used for enhancement purposes. Following a hearing on the defendant's motion to quash, the trial court issued written reasons denying the motion to quash.
The defendant then entered into a plea agreement pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), wherein he reserved his right to appeal the denial of his motion to quash. The trial court sentenced the defendant to serve twenty-five years of imprisonment at hard labor with all but sixty days suspended, which were to be served in the parish jail. The defendant was placed on probation for five years and fined $5,000.[2]
We affirm the defendant's conviction and sentence.

FACTS
On March 26, 2006, the defendant was stopped by a Louisiana State Police trooper for a traffic violation. During the traffic stop, the defendant exhibited signs of intoxication. After agreeing to submit to a field sobriety test, the defendant performed poorly on the test and was placed under arrest. The defendant subsequently declined to submit to a breath analysis test.
The state filed a bill of information charging the defendant with DWI-fourth offense. The state alleged the following predicate DWI convictions:
May 30, 2001, in docket number XX-XXXXXX of the Sixteenth Judicial District Court, St. Mary Parish.
February 7, 2002, in docket number 01-2354 of the City Court of Morgan City.
June 3, 2003, in docket number XX-XXXXXX of the Sixteenth Judicial District Court, St. Mary Parish.
The defendant filed a motion to quash, asserting that his convictions entered on May 30, 2001, and February 7, 2002, were insufficient to be used as predicate convictions to enhance his current conviction. After a hearing, the trial court denied the defendant's motion to quash and issued written reasons. On appeal, the defendant abandons his contention that the February 7, 2002 conviction was defective.

MOTION TO QUASH
The defendant argues the trial court erred in denying his motion to quash. Specifically, the defendant contends that during his May 30, 2001 guilty plea, the trial court failed to assess his literacy, competency, understanding, and volition before accepting his plea. The defendant further submits that the record contains no proof that his waiver of counsel and plea were knowingly and voluntarily entered.
In order for a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, a trial court must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The court must also ascertain that the accused understands what the plea connotes and its consequences. In a subsequent proceeding, if a defendant denies the allegations of a bill of information setting forth a prior guilty plea to be used for enhancement purposes, the state has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when it was taken. If the state meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the state. To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e. either the transcript of the plea or the minute entry. Everything that appears in the entire record concerning the predicate, as well as the trial court's opportunity to observe the defendant's appearance, demeanor, and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. Boykin only requires that a defendant be informed of the three rights enumerated above. The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights which he may have. State v. Henry, 00-2250 (La. App. 1st Cir. 5/11/01), 788 So.2d 535, 541, writ denied, 01-2299 (La. 6/21/02), 818 So.2d 791.
An uncounseled DWI conviction may not be used to enhance punishment of a subsequent offense, absent a knowing and intelligent waiver of counsel. When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial court should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The court should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. Determining the defendant's understanding of the waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. Generally, the court is not required to advise a defendant who is pleading guilty to a misdemeanor of the dangers and disadvantages of self-representation. The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the court. Whether an accused has knowingly and intelligently waived his right to counsel is a question which depends on the facts and circumstances of each case. State v. Cadiere, 99-0970 (La. App. 1st Cir. 2/18/00), 754 So.2d 294, 297, writ denied, 00-0815 (La. 11/13/00), 774 So.2d 971.
The defendant's signature on a printed waiver form advising him of his right to counsel and warning him of the dangers of self-representation, and the signature of the trial judge on the same form that he is satisfied the accused understood the nature of his plea and its consequences, do not discharge the trial judge's duty to advise the defendant expressly of his right to counsel and to determine on the record that the waiver is made knowingly and intelligently under the circumstances, taking into account such factors as the defendant's age, background, and education. State v. Cadiere, 754 So.2d at 297. However, while the use of a printed form alone is not sufficient to establish a knowing and intelligent waiver of the right to the assistance of counsel, the use of such a form in conjunction with other matters which appear in the record viewed as a whole may establish that the waiver was valid. State v. Cadiere, 754 So.2d at 297.
In response to the defendant's motion to quash his May 30, 2001 conviction, the state introduced a misdemeanor rights form signed by the defendant, the prosecutor, and the trial judge; the May 30, 2001 minute entry; and a transcript of the defendant's guilty plea.
The "Plea of Guilty to Misdemeanor Rights Form" sets forth several enumerated rights, including, "1. My right to be represented by counsel (a lawyer) of my choice, or if I cannot afford counsel, my right to be represented by court appointed counsel." The concluding paragraph of the form states, "[a]lthough I understand my right to counsel, including court appointed counsel if appropriate, I do not wish to be represented by counsel of any kind." The form is signed by the defendant, the prosecutor, and the trial judge.
The transcript of the May 30, 2001 guilty plea reflects that the trial court accepted guilty pleas from eighteen defendants. At the outset of the hearing, all of the defendants and an interpreter (Alma Escuedro) were called and sworn. The trial court began by addressing Alma, the wife of the defendant Pedro Escuedro, who was serving as her husband's interpreter, regarding how well her husband spoke and understood English. After individually addressing whether Pedro Escuedro understood the advice of rights form, the trial court explained each right on the form.[3] The trial court then addressed all of the defendants charged with DWI and read the elements and penalties of DWI first, second, third, and fourth offenses.
Later in the proceeding, the trial court addressed the defendant and asked for his name, address, and social security number. The defendant responded to the trial court's question regarding his educational background, stating that he had completed the ninth grade, and he also affirmed that he was capable of reading and writing well.
The trial court then asked the defendant whether he read over the advice of rights form and understood it, to which the defendant replied affirmatively. The trial court inquired whether the defendant was under the influence of drugs, alcohol, or anything that would impair his ability to understand the proceedings, to which the defendant replied, "No sir."
Finally the trial court asked the defendant, "You heard the Court go over each and every one of the rights on the advice of rights form?" The defendant replied affirmatively and also responded affirmatively to the trial court's question of whether he understood the form. When asked by the trial court whether he had any questions, the defendant responded "No." The defendant acknowledged he had heard the penalties for DWI first, second, third, and fourth offenses, and understood the penalty and the nature of the elements of DWI-first offense with which he was charged. Following this exchange, the trial court accepted the defendant's guilty plea and sentenced him.
Based on our review of the record, we find no error in the trial court's denial of the defendant's motion to quash. The record and transcript clearly indicated that the defendant was informed of his right to an attorney, understood that right, and knowingly and intelligently waived that right, as well as his Boykin rights.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In addition to being charged with DWI-fourth offense, a felony, the defendant was also charged with the misdemeanor of driving under suspension, a violation of LSA-R.S. 32:415. The rules governing misjoinder of offenses and improper consolidation of offenses for trial are grounded on the possible prejudice arising from a single trial on two or more offenses. The defects are not jurisdictional nor do they constitute a denial of due process. Hence, misjoinder of offenses may be waived by the failure to timely assert an objection by a motion to quash, and improper consolidation of offenses for trial may be waived by the failure to object. See LSA-C.Cr.P. art. 495; State v. Mallett, 357 So.2d 1105, 1109 (La. 1978), cert. denied, 439 U.S. 1074, 99 S.Ct. 848, 59 L.Ed.2d 41 (1979). The defendant failed to lodge any objection to these two offenses being charged in the same bill. Moreover, the defendant only pled to DWI-fourth offense, and there is no mention of his charge of driving under suspension.
[2] The sentencing transcript reflects the trial court recited all applicable conditions of probation.
[3] The defendant, like Pedro Escuedro, was charged with DWI-first offense, a misdemeanor.