STATE OF LOUISIANA
v.
DANIEL JOSEPH MCELROY
No. 2009 KA 0824
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
LAWRENCE D. WARD, JOSEPH WAITZ Ellen Daigle Dosky Houma, LA, Attorneys for Appellee, State of Louisiana.
HOLLI HERRLE-CASTILLO, Marrero, LA, Attorney for Defendant/Appellant, Daniel Joseph McElroy.
Before: WHIPPLE, HUGHES and WELCH, JJ.
WHIPPLE, J.
Defendant, Daniel Joseph McElroy, was charged by bill of information with one count of driving while intoxicated (DWI), fourth offense, a violation of LSR.S. 14:98(E).[1] Defendant initially pled not guilty and moved to quash the use, for enhancement purposes, of the three predicate offenses. The trial court denied the motion to quash. Subsequently, defendant withdrew his initial plea and pled guilty to DWI, fourth offense, reserving his right to seek review of the court's denial of his motion to quash. See State v. Crosby, 338 So. 2d 584, 588 (La. 1976). Defendant was sentenced to ten years at hard labor and ordered to pay a fine of $5,000.00.
Defendant appeals, assigning the following as error:
1. The trial court erred in failing to quash the bill of information because Predicate #1 was invalid.
Finding no error by the district court, we affirm the defendant's conviction and sentence.

FACTS
Because the defendant pled guilty, the facts of the instant offense were not developed. According to the bill of information, on December 16, 2007, the defendant was operating a motor vehicle while under the influence of alcohol with a level of .224 grams per cent. The transcript of the Boykin hearing does not reflect that the State set forth a factual basis for the instant offense; however, in entering his plea, defendant acknowledged he was guilty of the offense as set forth in the bill of information.

MOTION TO QUASH
In his sole assignment of error, defendant challenges the validity of Predicate #1 (docket number XX-XXXXXX from St. Mary Parish). Specifically, defendant argues that the transcript indicates the right to trial, right to confront his accusers, right to compulsory process, and right against self-incrimination were not reviewed with him individually by the trial court. Defendant also asserts that the use of Predicate #1 was improper because the transcript makes no mention that he was represented by counsel and does not indicate whether defendant and his attorney were actually present when the trial court explained the charge against him, or that defendant heard and understood his rights. Finally, defendant argues the transcript indicates that in the colloquy with defendant the trial court only asked defendant if he understood his rights, but did not specifically advise defendant of those rights.
For a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. State v. Henry, 2000-2250, p. 8 (La. App. 1st Cir. 5/11/01), 788 So. 2d 535, 541, writ denied, 2001-2299 (La. 6/21/02), 818 So. 2d 791. The judge must also ascertain that the accused understands what the plea connotes and its consequences. If the defendant denies the allegations set forth in the bill of information, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when it was taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State.
To meet this requirement, the State may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript of the plea or the minute entry. Everything that appears in the entire record concerning the predicate, as well as the trial judge's opportunity to observe the defendant's appearance, demeanor, and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. Boykin only requires that a defendant be informed of the three rights enumerated above. The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights that he may have. State v. Henry, 2000-2250 at pp. 8-9, 788 So. 2d at 541.
Moreover, while a personal colloquy between the trial court and the defendant is preferred, group guilty pleas are not automatically invalid. See State v. Filer, XXXX-XXXX, p. 2 (La. 6/30/00), 762 So. 2d 1080, 1081 (per curiam); see also State v. Verdin, 2002-2671, p. 6 (La. App. 1st Cir. 2/3/03), 845 So. 2d 372, 376-77 (per curiam).
The transcript for Predicate #1 reflects that the trial court advised all of the defendants as a group of their rights. Just prior to the colloquy between the trial court and the defendant, attorney Kevin Broussard explained that although the defendant was represented by Gary LeGros, Broussard would be standing in for LeGros at that time. The trial court then ascertained personal information from defendant, including his educational background and his ability to read and write, and whether defendant had consumed any drugs or alcohol that would impair his ability to understand the nature of the proceedings.
The following exchange then took place between the trial court and defendant:
[TRIAL COURT]: You read over the advice of rights form that was given to you?
[DEFENDANT]: Yes sir.
[TRIAL COURT]: You understood all of the rights on that form and as explained by the Court?
[DEFENDANT]: Yes sir.
[TRIAL COURT]: And you have an attorney, so he also explained all of your rights to you.
[DEFENDANT]: Right. Yes sir.
[TRIAL COURT]: Are you satisfied with his explanation and his services?
[DEFENDANT]: Yes sir.
The trial court then asked for defendant's plea to DWI, first offense, to which defendant entered a plea of guilty. The trial court accepted defendant's guilty plea, finding it was freely and voluntarily made with a complete understanding and waiver of all constitutional rights.
The fact that defendant was present and represented by counsel is evident from the transcript. The personal and individual portions of the Boykin colloquy between the trial judge and the defendant placed the judge in a position to determine the knowing and voluntary nature of defendant's waiver. After a thorough review of the record, we find that the State met its initial burden and that the defendant failed to produce affirmative evidence to show an infringement of his rights or a procedural irregularity in the taking of his plea. See State v. Kreger, XXXX-XXXX, pp. 5-6 (La. App. 1st Cir. 12/22/00), 774 So. 2d 1273, 1276-77. The proceedings were adequate to establish that the defendant knowingly and expressly waived his Boykin rights. See State v. Verdin, 2002-2671 at p. 6, 845 So. 2d at 377. Moreover, we note that the law provides a rebuttable presumption of regularity of judicial proceedings. See LSA-R.S. 15:432. Defendant fails to rebut that presumption in this case. Defendant offers no evidence, and we find none, to indicate that he was not present at the beginning of the Predicate #1 Boykin hearing, prior to being individually questioned by the court.
Based on the foregoing, we find the trial court properly denied defendant's motion to quash his November 3, 1998 guilty plea. (Docket No. 98-150626 in the Sixteenth Judicial District for St. Mary Parish). This assignment of error lacks merit.

REVIEW FOR ERROR
The defendant asks that this court examine the record for patent error under LSA-C.Cr.P. art. 920(2). This court routinely reviews the record for such errors, whether or not such a request is made by a defendant. Under Article 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible errors. See State v. Price, 2005-2514, pp. 18-22 (La. App. 1st Cir. 12/28/06), 952 So. 2d 112, 123-125 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So. 2d 1277.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Predicate #1 was set forth as defendant's November 3, 1998 conviction for DWI under docket number XX-XXXXXX in the Sixteenth Judicial District, St. Mary Parish. Predicate #2 was set forth as defendant's January 18, 2001 conviction for DWI under docket number 351605 in the Thirty-Second Judicial District, Terrebonne Parish. Predicate #3 was set forth as defendant's conviction for DWI entered April 25, 2002, under docket number 373231 in the Thirty-Second Judicial District, Terrebonne Parish.